**LOCKE LORD LLP**
Conrad V. Sison, 217197
csison@lockelord.com
300 South Grand Avenue, Suite 2600
Los Angeles, CA 90071
Telephone: 213-485-1500

Jonathan S. Lieberman, 278058
jlieberman@lockelord.com
44 Montgomery Street, Suite 4100
San Francisco, CA 94104
Telephone: (415) 318-8810
Fax: (415) 676-5816

Attorneys for Defendants
SELECT PORTFOLIO SERVICING, INC. (erroneously sued as "Select Portfolio Servicing") and NATIONAL DEFAULT SERVICING CORPORATION

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DONALD OKADA, an individual | CASE NO. 8:15-cv-00981 |
| Plaintiff, | **NOTICE OF REMOVAL BY DEFENDANTS SELECT PORTFOLIO SERVICING, INC. AND NATIONAL DEFAULT SERVICING CORPORATION** |
| vs. | |
| BANK OF AMERICA, N.A.; SELECT PORTFOLIO SERVICING; NATIONAL DEFAULT SERVICING CORPORATION AND; DOES 1-50; | [28 U.S.C. § 1332, 1441] |
| | [SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE, CASE NO. 30-2015-00786774] |
| Defendants. | |
| | Complaint filed: May 11, 2015 |
| | Removal filed: June 18, 2015 |

**TO THE CLERK OF THE ABOVE-ENTITLED COURT, ALL INTERESTED PARTIES AND THEIR ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that Defendant Select Portfolio Servicing, Inc. (erroneously sued as "Select Portfolio Servicing")("SPS") and National Default Servicing Corporation ("NDSC")(collectively "Removing Defendants"), hereby remove this action from the Superior Court of California, County of Orange, to the United States District Court for the Central District of California. Removal is based on 28 U.S.C. § 1332, and is authorized by 28 U.S.C. § 1441.

Dated: June 18, 2015

Respectfully submitted,

LOCKE LORD LLP

By: */s/ Jonathan S. Lieberman*
    Conrad V. Sison
    Jonathan S. Lieberman

Attorneys for Defendant
SELECT PORTFOLIO SERVICING, INC. and NATIONAL DEFAULT SERVICING CORPORATION

Removing Defendants make the following allegations in support of their Notice of Removal:

## I. STATEMENT OF THE CASE

1. On May 11, 2015, Plaintiff Donald Okada ("Plaintiff") filed a complaint against, among others, Removing Defendants in the Superior Court of California, County of Orange entitled *Okada v. Bank of America, N.A.*, Case No. 30-2015-00786774 (the "State Court Action"). The State Court Action relates to a mortgage loan in the amount of $1,610,000 secured by property located at 316-316 1/2 Iris Avenue, Newport Beach, CA 92625 (the "Property") (Compl. ¶¶ 1,7-9).

2. "[E]ach defendant has thirty days to remove after being brought into the case." *Destfino v. Reiswig*, 630 F.3d 952, 956 (9th Cir. 2011). Formal service is required to trigger the 30-day period. *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 354 (1999). SPS and NDSC were each served with the Summons and Complaint on May 19, 2015. Removal is therefore timely in accordance with 28 U.S.C. § 1446(b).

3. Plaintiff alleges seven state law causes of action for: (1) False Promise; (2) Negligent Misrepresentation; (3) violation of California Civil Code § 2923.6; (4) violation of California Civil Code § 2924.10; (5) violation of California Civil Code § 2924.18; (6) violation of Business And Professions Code § 17200. A true and complete copy of the complaint and all other pleadings, process, and orders served on Removing Defendants are attached hereto as Exhibit 1.

## II. DIVERSITY JURISDICTION

4. This Court has original jurisdiction over this action under 28 U.S.C. section 1332 because there is a preponderance of evidence that there is complete diversity of citizenship between Plaintiff and Defendants and that more than $75,000, exclusive of interest and costs, is at stake. *See Gaus v. Miles, Inc.*, 980 F.2d 564, 567 (9th Cir. 1992).

**Locke Lord LLP**
300 South Grand Avenue, Suite 2600
Los Angeles, CA 90071

5. Plaintiff alleges that he resides in the County of Orange, State of California. (See Compl. ¶ 1; *see also State Farm Mut. Auto. Ins. Co. v. Dyer*, 19 F.3d 514, 520 (10th Cir. 1994) ("[P]lace of residence is prima facie the domicile."). Thus, a preponderance of the evidence demonstrates that Plaintiff is domiciled in California and, thus, is a citizen, for diversity jurisdiction purposes, of California. *See Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088, 1090 (9th Cir. 1983); *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001).

6. Defendant SPS is not a citizen of California. A corporation is a citizen of the state where it was incorporated and the state where it has its principal place of business. 28 U.S.C. § 1332(c)(1); *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 88–89 (2005). SPS is a corporation organized under the laws of the State of Utah, with its primary place of business in Salt Lake City, Utah. Accordingly, SPS is a citizen of Utah for purposes of diversity jurisdiction.

7. Defendant National Default Servicing Corporation ("NDSC"), is an Arizona corporation with its principal place of business in Arizona. NDSC's "high level officers direct, control, and coordinate the corporation's activities" out of its Phoenix, Arizona offices. *See Hertz Corp. v. Friend*, 559 U.S. 77, 78 (2010). Thus, for purposes of diversity jurisdiction, NDSC is a citizen of Arizona only.

8. Defendant Bank of America, N.A. is a national bank association. A national banking association's citizenship is determined solely by the location of its main office as designated in its articles of association. *See* 28 U.S.C. § 1348; *Wachovia Bank v. Schmidt,* 546 U.S. 303, 318 (2006); *Rouse v. Wachovia Mortg., FSB*, 747 F.3d 707, 709 (9th Cir. 2014) ("[U]nder 28 U.S.C. § 1348, a national bank is a citizen only of the state in which its main office is located."). Bank of America, N.A.'s main office is located in North Carolina. Accordingly, Bank of America, N.A. is not a citizen of California for purposes of diversity jurisdiction.

9.  The remaining Defendants are named as "Doe" defendants, and as such, are disregarded in determining the existence of diversity.  28 U.S.C. 1441(a).

10. Where a complaint does not specify a particular amount of damages, a removing defendant need only show that it is "more likely than not" that the amount in controversy requirement is exceeded.  *Sanchez v. Monumental Life Ins. Co*., 102 F.3d 398, 404 (9th Cir. 1996); *see also Guglielmino v. McKee Foods Corp*., 506 F.3d 696, 699 (9th Cir. 2007).

11. For purposes of evaluating the amount in controversy, "[t]he ultimate inquiry is what amount is put 'in controversy' by the plaintiff's complaint, not what a defendant will actually owe."  *Korn v. Polo Ralph Lauren Corp*., 536 F.Supp.2d 1199 (E.D. Cal. 2008) (citation omitted); *see also Kenneth Rothschild Trust v. Morgan Stanley Dean Witter*, 199 F.Supp.2d 993, 1001 (C.D. Cal. 2002) (explaining that "amount in controversy is not measured by the low end of an open-ended claim, but rather by reasonable reading of the value of the rights being litigated") (citation omitted).

12. Although Plaintiff does not plead a specific damages amount, there is more than $75,000 in controversy in this action.  In cases involving mortgage loans, the amount in controversy may be established by the loan amounts.  *Nguyen v. Wells Fargo Bank, N.A*., 749 F.Supp.2d 1022  (N.D. Cal. 2010); *Contimortgage Corp., v. Anglezis*, 173 Fed.App'x. 458, 460 (7th Cir. 2004) ("The amount in controversy was the unpaid principal balance of about $171,000 on the defaulted loan"); *Land Holdings (St. Thomas) Ltd. v Mega Holdings, et al*., 283 F.3d 616, 620 (3d Cir. 2002) ("Because this foreclosure action concerns a multi-million dollar parcel of property, the amount in controversy requirement was easily met…").  Here, Plaintiff alleges that this lawsuit involves a Mortgage Note with Countrywide Bank in the amount of $1,610,000.  (Compl. ¶ 9).  A true and correct copy of the relevant deed of trust that corroborates this amount is attached to this Notice of Removal as Exhibit 2.

13.     In addition, "[i]n actions seeking declaratory or injunctive relief, the amount in controversy is measured by the value of the object of the litigation." *Hunt v. Wash. St. Apple Adver. Comm'n*, 432 U.S. 333, 347 (1977).  "[T]he value of the property is the object of the litigation for the purposes of determining whether the amount-in-controversy requirement has been met so long as the plaintiff is seeking injunctive relief to prevent or undo the lender's sale of the property." *Reyes v. Wells Fargo Bank, N.A.*, No. C-10-01667, 2010 WL 2629785, *4-6 (N.D. Cal. June 29, 2010); *see also Zepeda v. U.S. Bank*, N.A., No. 11-0909, 2011 WL 4351801, *3-4 (C.D. Cal. Sept. 16, 2011) ("The … focal point of this litigation is the $308,000 mortgage loan … [T]he preponderance of the evidence indicates an amount in controversy in excess of $75,000."); *Rodriguez v. Wells Fargo Bank, N.A.*, No. 11-05172, 2011 WL 6304152, *4 (N.D. Cal. Dec. 16, 2011) ("If the primary purpose of a lawsuit is to enjoin a bank from selling or transferring property," a removing defendant may rely on "the original loan amount" or "the outstanding balance at the time the sale is contemplated," to establish the amount in controversy); *Contimortgage Corp., v. Anglezis*, 173 Fed. App'x. 458, 460 (7th Cir. 2004) ("The amount in controversy was the unpaid principal balance of about $171,000 on the defaulted loan").  Here, the original loan was in the amount of $1,610,000, and Plaintiff details the loss mitigation efforts since he's been in default starting at least in October 2011.  (Compl.¶¶ 9, 12).[1]

14.     Plaintiff also seeks general and statutory damages in addition to attorney's fees.  (Compl., ¶ 117).  These amounts all count toward the jurisdictional amount.  *See Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 699 (9th Cir. 2007)

---

[1] Importantly, for purposes of evaluating the amount in controversy, "[t]he ultimate inquiry is what amount is put 'in controversy' by the plaintiff's complaint, not what a defendant will actually owe." *Korn v. Polo Ralph Lauren Corp.*, 536 F. Supp. 2d 1199, 1202 (E.D. Cal. 2008) (citation omitted).

(reviewing prayer for relief in ascertaining whether complaint's allegations demonstrate the requisite amount in controversy); *Brady v. Mercedes-Benz USA, Inc.*, 243 F.Supp.2d 1004, 1011 (N.D. Cal. 2002) (holding that "a reasonable estimate of fees likely to be incurred to resolution" counts toward the amount in controversy).

15. Accordingly, the Removing Defendants have shown by a preponderance of evidence that this Court also has subject matter jurisdiction over this action under because all of the requirements of 28 U.S.C. § 1332(a)(1) are satisfied.[2]

## III. OTHER PROCEDURAL REQUIREMENTS

16. This notice of removal is filed by SPS and NDSC. The docket in the State Court Action reflects that Defendant Bank of America, N.A. has been served with the complaint. Bank of America, N.A. has consented to removal. *See Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1193 n.1 (9th Cir. 1988) (requirement for consent applies "only to defendants properly joined and served in the action").

17. Venue is equally proper in this district pursuant to 28 U.S.C. section 1441(a) because this district embraces the county in which the State Court Action is pending. 28 U.S.C. § 1141(a).

18. A copy of this Notice of Removal will be served upon Plaintiff and filed with the Superior Court of the County of Orange. See 28 U.S.C. §§ 1446(a), (d).

19. The Southern Division of the Central District of California is proper because Plaintiff resides in the Southern Division (see AC ¶ 3) and all of Plaintiff's claims arose in the Southern Division (see AC ¶¶ 14, 18). General Orders 349, 349-A.

---

[2] In the event that Plaintiff files a motion to remand, or the Court considers remand sua sponte, SPS respectfully requests the opportunity to submit additional argument or evidence in support of removal. *See Cohn v. Petsmart, Inc.*, 281 F.3d 837, 839–40 & n. 1 (9th Cir. 2002) (court may consider later provided evidence as amending a notice of removal); *General Dentistry for Kids, LLC v. Kool Smiles, P.C.*, 379 Fed. Appx. 634, 635–36 (9th Cir. 2010) (court may consider evidence relating to amount in controversy not submitted with notice of removal petition).

20. This Notice of Removal is signed by Removing Defendants' counsel pursuant to Fed. R. Civ. P. 11. See 28 U.S.C. § 1446(a).

## IV. CONCLUSION

21. By this Notice of Removal and the associated attachments, Removing Defendants do not waive any objections they may have as to service, jurisdiction or venue, or any other defenses or objections they may have to this action. Removing Defendant intend no admission of fact, law or liability by this Notice, and expressly reserve all defenses, motions, and/or pleas. Removing Defendants pray that the State Court Action be removed to this Court, that all further proceedings in the State Court Action be stayed, and that Removing Defendants receive all additional relief to which they are entitled.

Dated: June 18, 2015

Respectfully submitted,

LOCKE LORD LLP

By: */s/ Jonathan S. Lieberman*
    Conrad V. Sison
    Jonathan S. Lieberman

Attorneys for Defendant
SELECT PORTFOLIO SERVICING, INC. and NATIONAL DEFAULT SERVICING CORPORATION