Molly Taylor Zapala (SBN 245985)
Email: mzapala@reedsmith.com
Alexander J. Gershen (SBN 291929)
Email: agershen@reedsmith.com
REED SMITH LLP
101 Second Street, Suite 1800
San Francisco, CA  94105-3659
Telephone: +1 415 543 8700
Facsimile: +1 415 391 8269

Attorneys for Defendant
Bank of America, N.A.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DONALD OKADA, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>BANK OF AMERICA, N.A.; SELECT PORTFOLIO SERVICING; NATIONAL DEFAULT SERVICING CORPORATION AND; DOES 1-50,<br><br>Defendants. | Case No. 8:15-cv-00981-CJC-E<br><br>**DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>Date:  August 3, 2015<br>Time:  1:30 P.M.<br>Place:  Courtroom 9B<br>Compl. Filed:  May 11, 2015<br>Compl. Removed:  June 18, 2015<br><br>Honorable Cormac J. Carney<br><br>*[Filed concurrently with Request for Judicial Notice ISO Motion to Dismiss Plaintiff's Complaint; [Proposed] Order Judgment of Dismissal; and Certificate of Interested Parties]* |

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

DEFENDANT'S NOTICE OF  MOTION AND MOTION TO DISMISS PLAINTIFF'S COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

**TO PLAINTIFF AND HIS ATTORNEY OF RECORD:**

PLEASE TAKE NOTICE that at 1:30 p.m. on August 3, 2015, in Department B9 of the above-referenced court, located at the Ronald Reagan Federal Building and United States Courthouse, 411 West Fourth Street, Santa Ana, California, 92701-4516, Bank of America, N.A. ("BANA" or "Defendant") will and hereby moves to dismiss the Complaint filed in this action against Defendant by Donald Okada ("Plaintiff"), and to each cause of action asserted therein against Defendant.  This Motion to Dismiss is brought pursuant to Code of Civil Procedure Section 430.10(e) on the grounds that the Complaint fails to state facts sufficient to constitute any cause of action against Defendant.

Pursuant to Local Rule 7-3, Counsel for Defendants have attempted to meet and confer with counsel for Plaintiff during the week of June 15 and June 22, 2015 by telephone number and e-mail address listed on the Complaint.

Defendant's Motion to Dismiss is based upon this Motion to Dismiss, the Memorandum of Points and Authorities attached hereto, the operative Complaint and pleadings on file with the Court in this matter, all matters of which this Court may properly take judicial notice, and any other evidence or oral argument as the Court may consider in connection with this Motion to Dismiss.

DATED:  June 25, 2015

REED SMITH LLP

By: /s/ Alexander J. Gershen
Alexander J. Gershen (SBN 291929)
Attorneys for Defendant Bank of America, N.A.

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

– 1 –

DEFENDANT'S NOTICE OF  MOTION AND MOTION TO DISMISS PLAINTIFF'S COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

# TABLE OF CONTENTS

**Page**

I.    INTRODUCTION ...........................................................................................1

II.   FACTUAL ALLEGATIONS AND PROCEDURAL
      BACKGROUND .............................................................................................2

III.  LEGAL STANDARD .....................................................................................3

IV.   LEGAL ARGUMENT .....................................................................................4

    A.    Plaintiff's Fraud Claims Fail to Adequately Allege any
      Misrepresentation, Scienter, Reliance, or Damages and Fails to
      Allege Defendant Owes Plaintiff a Duty ...................................................4

        1.    Plaintiff's Fraud Claims Fail to Meet the Heightened
            Pleading Standards ...........................................................................5

        2.    Plaintiff Fails To Allege a Misrepresentation, Reliance or
            Damages .............................................................................................6

        3.    Plaintiff's Negligent Misrepresentation Claim Also Fails
            as BANA Owes Plaintiff No Duty as a Matter of Law ...................9

    B.    Plaintiff Fails to Allege that HBOR Provisions were Triggered
      and Fails to Allege Conduct ......................................................................10

        1.    Plaintiff Fails to Allege a Violation of Section 2923.6 as
            He Fails to Allege He Submitted a Complete Application ...........10

        2.    Plaintiff Fails to Allege a Violation of Section 2924.10 or
            Section 2924.18 as he Cannot Allege a Complete
            Modification Application ..............................................................13

    C.    Plaintiff's UCL Claim Fails as He Does Not Allege Injury or
      Actionable Conduct ..................................................................................15

        1.    Plaintiff Lacks Standing Because He Fails to Allege
            Injury ...............................................................................................15

        2.    Plaintiff Does Not Allege Any Actionable Conduct ...................16

V.    CONCLUSION .............................................................................................17

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

1

## <u>TABLE OF AUTHORITIES</u>

2

**Page(s)**

3

**Cases**

*Advanced Cardiovascular Sys., Inc. v. Scimed Life Sys., Inc.*,
   988 F.2d 1157 (Fed. Cir. 1993) ...................................................................4

*Ashcroft v. Iqbal*,
   129 S. Ct. 1937 (2009) ............................................................................4, 6

*Auerbach v. Great Western Bank*,
   74 Cal. App. 4th 1185 (1999) ...............................................................8, 15

*Boyer v. Countrywide Bank, FSB*,
   2009 WL 799398 (N. D. Cal. Mar. 24, 2009) ..............................................5

*Castaneda v. Saxon Mortg. Servs.*,
   687 F. Supp. 2d 1191 (E.D. Cal. 2009) .......................................................9

*Clegg v. Cult Awareness Network*,
   18 F.3d 752 (9th Cir. 1994) .........................................................................4

*Dore v. Arnold Worldwide, Inc.*,
   39 Cal. 4th 384 (2006) .................................................................................7

*Dumas v. Kipp*,
   90 F.3d 386 (9th Cir. 1996) .........................................................................4

*Eddy v. Sharp*,
   199 Cal. App. 3d 858 (1988) .......................................................................9

*Engalla v. Permanente Medical Group, Inc.*,
   15 Cal. 4th 951 (1997) .................................................................................7

*Farmers Ins. Exch. v. Super. Ct.*,
   2 Cal. 4th 377 (1992) .................................................................................16

*Ileto v. Glock Inc.*,
   349 F.3d 1191 (9th Cir. 2003) .....................................................................4

*Khoury v. Maly's of California*,
   14 Cal. App. 4th 612 (1993) ......................................................................16

*Lazar v. Super. Ct.*,
   12 Cal. 4th 631 (1996) ..............................................................................5, 6

*Mat-Van, Inc. v. Sheldon Good & Co. Auctions, LLC*,
   2007 WL 3047093 (S.D. Cal. Oct. 16, 2007) ..........................................5, 6

*McGlinchy v. Shell Chem. Co.*,
   845 F.2d 802 (9th Cir. 1988) .......................................................................4

*Navarro v. Block*,
   250 F. 3d 729 (9th Cir. 2001) ......................................................................3

*Neilson v. Union Bank of California, N.A.*,
   290 F. Supp. 2d 1101 (C.D. Cal. 2003) .................................................5, 6

*Neitzke v. Williams*,
   490 U.S. 319 (1989) .....................................................................................3

DEFENDANT'S NOTICE OF  MOTION AND MOTION TO DISMISS
PLAINTIFF'S COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT THEREOF

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

*Nymark v. Heart Fed. Sav. & Loan Ass'n,*
   231 Cal. App. 3d 1089 (1991) ................................................................. 9

*R&B Auto Ctr., Inc. v. Farmers Group, Inc.,*
   140 Cal. App. 4th 327 (2006) ............................................................... 15

*Ragland v. U.S. Bank N.A.,*
   209 Cal. App.4th 182 (2012) .................................................................. 9

*Saunders v. Sup. Ct.,*
   27 Cal. App. 4th 832 (1994) ................................................................ 16

*Schwartz v. KPMG LLP,*
   476 F.3d 756 (9th Cir. 2007) .............................................................. 4, 5

*Scripps Clinic v. Super. Ct.,*
   108 Cal. App. 4th 917 (2003) .............................................................. 16

*Semegen v. Weidner,*
   780 F.2d 727 (9th Cir. 1981) .................................................................. 5

*Stephenson v. Argonaut Ins. Co.,*
   125 Cal. App. 4th 962 (2004) ................................................................. 8

*In re Tobacco II Cases,*
   46 Cal. 4th 298 (2009) ................................................................. 15, 16

**Statutes**

Cal. Bus. & Prof. Code § 17200 ..................................................... 2, 14, 15

Cal. Bus. & Prof. Code § 17204 ............................................................ 15

Cal. Civ. Code § 1709 ......................................................................... 8

Cal. Civ. Code § 2923.6 ............................................................... *passim*

Cal. Civ. Code § 2923.6(b) ................................................................. 10

Cal. Civ. Code § 2923.6(c) ...................................................... 10, 11, 13

Cal. Civ. Code § 2923.6(d) .......................................................... 11, 12

Cal. Civ. Code § 2923.6(h) ................................................. 11, 12, 13, 14

Cal. Civ. Code § 2924.10 ............................................................. *passim*

Cal. Civ. Code § 2924.18 ............................................................. *passim*

**Rules**

Fed. R. Civ. P. 12(b)(6) ...................................................................... 3

REED SMITH LLP

A limited liability partnership formed in the State of Delaware

– iii –

DEFENDANT'S NOTICE OF  MOTION AND MOTION TO DISMISS
PLAINTIFF'S COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT THEREOF

# I.    INTRODUCTION

In his fourth lawsuit against BANA since 2012, Plaintiff Donald Okada ("Plaintiff") improperly uses this Court to seek a loan modification and delay the impending foreclosure of his home.  While Plaintiff obtained a loan for $1.6 million to finance the purchase of real property, he does not dispute that he stopped making payments on his loan.  Now, Plaintiff brings his Complaint ("Compl.") against his former loan servicer Bank of America, N.A. ("BANA" or "Defendant"), his current servicer Select Portfolio Servicing, Inc. ("SPS") and National Default Servicing Corporation.  Plaintiff's Complaint is predicated on conduct related to his loan modification applications to BANA and SPS.  While most of Plaintiff's allegations involve conduct *after* Plaintiff's loan was service released from BANA to the current servicer SPS, Plaintiff nonetheless generally alleges that BANA refused to consider him for a loan modification.  However, Plaintiff concedes that he failed to submit a complete loan modification application to BANA and that BANA did not provide a determination because his loan was service released to SPS.   As such, Plaintiff has failed to allege any actionable conduct by BANA in his Complaint.  Regardless, Plaintiff's vague and conclusory allegations are unavailing and without sufficient factual or legal support.  Without more, Plaintiff fails to state a claim as against BANA for at least the following reasons:

- Plaintiff's fraud claims both fail as he does not adequately allege an actionable misrepresentation, scienter, reliance, or damages and further fails to allege that BANA owes Plaintiff a duty of care as a matter of law;

- Plaintiff fails to allege that HBOR provisions were triggered as he does not allege he submitted a complete application, he concedes BANA acknowledged receipt of his modification documents, and he fails to allege BANA engaged in any actionable conduct prior to

REED SMITH LLP

A limited liability partnership formed in the State of Delaware

– 1 –

1    service-releasing his loan; and

2    • Plaintiff's cause of action for violation of Business and Professions

3      Code section 17200 (the "UCL") fails as he does not have standing

4      and fails to allege actionable conduct by BANA.

5    In short, Plaintiff fails to state any claim against BANA as a matter of law.

6    Accordingly, BANA respectfully requests the Court grant BANA's Motion to Dismiss

7    without leave to amend.

8    **II.    FACTUAL ALLEGATIONS AND PROCEDURAL BACKGROUND**

9    On November 15, 2006, Plaintiff Donald Okada ("Plaintiff") obtained a

10   $1,610,000.00 loan ("Loan") from Countrywide Bank, N.A. ("Countrywide"), which

11   is secured by a Deed of Trust ("DOT") to re-finance his investment property located at

12   316-316 1/2 Iris Avenue, Newport Beach, CA  92625 ("Property").   RJN, Ex. A.  The

13   Deed of Trust identifies Plaintiff as the borrower, Countrywide as the lender,

14   ReconTrust Company, N.A. ("ReconTrust") as trustee, and Mortgage Electronic

15   Registration Systems, Inc. ("MERS") as the beneficiary under the Deed of Trust.  *Id.*

16   On the same day, Plaintiff executed a second Deed of Trust and Assignment of Rents

17   with Countrywide in the amount of $230,000.  RJN, Ex. B.

18   On June 22, 2011, MERS, as beneficiary under the Deed of Trust, recorded an

19   Assignment of Deed of Trust ("Assignment") reflecting a transfer of all beneficial

20   interest to The Bank of New York Mellon FKA The Bank of New York, as Trustee

21   for the Certificateholders of the CWALT, Inc., Alternative Loan Trust 2006-OA19,

22   Mortgage Pass-Through Certificates, Series 2006-OA19. RJN, Ex. C.

23   Plaintiff does not contest that he defaulted on his Loan.  *See generally* Compl.

24   On August 5, 2011, ReconTrust, as agent for the beneficiary, recorded a Notice of

25   Default ("NOD") listing Plaintiff's arrears as $184,128.46.  RJN, Ex. D.  On

26   November 10, 2011, ReconTrust, as duly appointed trustee under the Deed of Trust,

27   recorded a Notice of Trustee's Sale ("NOTS") listing the total unpaid balance of

28

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

– 2 –

DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS
PLAINTIFF'S COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT THEREOF

$1,843,641.14. RJN, Ex. E.  However, on December 19, 2013, ReconTrust recorded a Notice of Rescission of Declaration of Default related to the Notice of Default recorded on August 5, 2011.  RJN, Ex. F.  On February 27, 2015, National Default Servicing Corporation recorded a Notice of Default listing Plaintiff's total arrears as $624,131.81. RJN, Ex. G.  Plaintiff alleges that his Loan was service released to Select Portfolio Servicing on or before August 20, 2013. Compl. ¶ 41.

On January 11, 2013, Plaintiff filed a Complaint ("2013 Complaint") against BANA, ReconTrust, Countrywide Home Loans, Inc., and the investor The Bank of New York Mellon relating to the same Loan and Property.  RJN, Ex. H.  While Plaintiff's 2013 Complaint was predicated on a theory of wrongful foreclosure, Plaintiff filed a Request for Dismissal *without* prejudice on March 25, 2013.  RJN, Ex. I. Plaintiff filed a Notice of Pendency of Action on January 14, 2013 and January 16, 2013; however, Plaintiff recorded a Withdrawal of Lis Pendens on January 17, 2014. RJN, Ex. J-L.

On May 11, 2015, Plaintiff again filed the instant Complaint alleging six causes of action against his former loan servicer BANA, as well as Select Portfolio Servicing and National Default Servicing Corporation.  Plaintiff's Complaint is predicated on the theory that BANA refused to consider Plaintiff for a loan modification.  Compl. ¶ 11-41.  Specifically, Plaintiff alleges he submitted documents for a modification on July 30, 2013, but his loan was transferred to SPS before any decision was made. Compl. ¶ 39-43.  As a result, Plaintiff alleges that BANA made a false promise and negligent misrepresentation to modify his loan. Compl. ¶ 64-94.  Further, Plaintiff alleges that BANA's failure to send a decline letter is in violation of Civil Code section 2923.6, 2924.10, and 2914.18.  Compl. ¶ 95-106.

### III.   LEGAL STANDARD

A motion to dismiss under Federal Rules of Civil Procedure 12(b) (6) tests the sufficiency of the complaint.  *Navarro v. Block*, 250 F. 3d 729, 732 (9th Cir. 2001).

– 3 –

DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

Dismissal is warranted under Rule 12(b)(6) where the complaint lacks a cognizable legal theory, or where it presents a cognizable legal theory yet fails to plead essential facts to support that theory. *Neitzke v. Williams*, 490 U.S. 319, 326 (1989). The purpose of a Rule 12(b)(6) motion to dismiss is "to allow the court to eliminate actions that are fatally flawed in their legal premises and destined to fail, and thus spare litigants the burdens of unnecessary pretrial and trial activity." *Advanced Cardiovascular Sys., Inc. v. Scimed Life Sys., Inc.*, 988 F.2d 1157, 1160 (Fed. Cir. 1993).

While all material allegations must be taken as true, "conclusory allegations without more are insufficient to defeat a motion to dismiss for failure to state a claim." *McGlinchy v. Shell Chem. Co.*, 845 F.2d 802, 810 (9th Cir. 1988); *Ileto v. Glock Inc.*, 349 F.3d 1191, 1200 (9th Cir. 2003). Indeed, the Supreme Court recently confirmed the requirement that pleadings must contain more than labels and unsupported conclusions, and emphasized that conclusory allegations are not entitled to be assumed true. *See Ashcroft v. Iqbal,* 129 S. Ct. 1937, 1949-52 (2009). A court is not required to "accept legal conclusions cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged." *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754-55 (9th Cir. 1994). In testing the complaint's legal adequacy, the court may consider material properly submitted as part of the complaint or subject to judicial notice. *Schwartz v. KPMG LLP*, 476 F.3d 756, 763 (9th Cir. 2007). When it would be futile to amend the complaint's deficiencies, dismissal may be ordered with prejudice. *Dumas v. Kipp*, 90 F.3d 386, 393 (9th Cir. 1996).

## IV.   LEGAL ARGUMENT

**A.   Plaintiff's Fraud Claims Fail to Adequately Allege any Misrepresentation, Scienter, Reliance, or Damages and Fails to Allege Defendant Owes Plaintiff a Duty**

In Plaintiff's first cause of action[1] entitled "false promise" and second cause of

---

[1] While it is unclear what theory of liability Plaintiff's "false promise" cause of action falls under, BANA responds to this claim as a claim for fraud. To the extent Plaintiff is alleging a cause of action for promissory estoppel, Plaintiff's

DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

action for negligent misrepresentation, Plaintiff alleges BANA made a false representation "to review his loan under the National Mortgage Settlement program" and that he was "prequalified for the National Mortgage Settlement program."  Compl. ¶ 65, 80. Plaintiff next alleges that BANA had "no intention to review Plaintiff" and BANA's representations "were not true," as BANA "did not review Plaintiff under the [program]." Compl. ¶ 66, 69 81.  Plaintiff alleges he relied on "this promise to review" by "withdr[awing] his original case against BANA" and by purportedly losing "an opportunity to obtain the possibility of reducing the principal of his mortgage."  Compl. ¶ 68, 71, 84, 86. However, Plaintiff's fraud claims fall well short of the pleading standards as he fails to allege an actionable misrepresentation, scienter, reliance, or damages and further fails to allege that BANA owes Plaintiff a duty of care as a matter of law.

### 1.   Plaintiff's Fraud Claims Fail to Meet the Heightened Pleading Standards

To plead a fraud claim a plaintiff must allege: (1) misrepresentation of a material fact; (2) knowledge of falsity (or "scienter"); (3) intent to defraud; (4) justifiable reliance on the misrepresentation; and (5) resulting damage.  *Lazar v. Super. Ct.*, 12 Cal. 4th 631, 638 (1996).  "[C]laims for fraud [and negligent misrepresentation] must meet Rule 9(b)'s particularity requirements." *Neilson v. Union Bank of California, N.A.,* 290 F. Supp. 2d 1101, 1141 (C.D. Cal. 2003).  Plaintiff must plead "facts which show 'how, when, where, to whom and by what means the representations were tendered." *See Boyer v. Countrywide Bank, FSB,* 2009 WL 799398, at *2 (N. D. Cal. Mar. 24, 2009).  Further, in a case alleging fraud as to multiple defendants, Rule 9(b) requires particular averments regarding *each* defendant's participation in the allegedly fraudulent scheme. *See, e.g., Semegen v. Weidner*,

claim similarly fails for lack of an alleged clear and unambiguous promise, reliance, or damages, as addressed below in Section IV(A).

DEFENDANT'S NOTICE OF  MOTION AND MOTION TO DISMISS PLAINTIFF'S COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

1    780 F.2d 727, 731 (9th Cir. 1981).[2][3]

2        Here, Plaintiff fails to meet this standard as he does not allege *what*

3    misrepresentations were said, the individual's *authority* to make a representation or

4    whether the misrepresentation was made with the *intent to defraud*. *See generally* Compl.

5    Plaintiff alleges, in a vague and conclusory manner, that BANA promised "to review his

6    loan under the National Mortgage Settlement program," yet he does not allege any support

7    for this allegations including identifying *who* made this representation, how this

8    representation was purportedly tendered, and their *authority* to make a representation.

9    Plaintiff's conclusory and unsupported allegations are insufficient to maintain a cause of

10   action for fraud. *See Ashcroft v. Iqbal,* 129 S. Ct. at 1949-52 (2009).   Plaintiff also

11   alleges that BANA "orally indicated that Plaintiff pre-qualified for the NMSP," but again

12   fails to support this allegation with any factual support.  Plaintiff's bare assertions are

13   insufficient to maintain a cause of action for fraud, especially considering the heightened

14   pleading requirements against a corporate defendant.  *Mat-Van, Inc.,* 2 Cal. App. 4th at

15   157.  Plaintiff fails to plead a single fact in support of his conclusory allegations and his

16   fraud claim is inadequately pled and fails as a matter of law.  *Lazar v. Super. Ct,* 12 Cal.

17   4th 631; *see also Neilson,* 290 F. Supp. 2d at 1141.

18       **2.    Plaintiff Fails To Allege a Misrepresentation, Reliance or Damages**

19       Plaintiff's fraud claims are also deficient because he does not allege any

20   misrepresentations, justifiable reliance, or damages as a result of any alleged

21   representations made by BANA.

22       First, Plaintiff's fraud claims are premised on the theory that BANA promised to

23   review him under the National Mortgage Settlement ("NMS") and that BANA orally

24

25   [2] Stated differently, Rule 9(b) requires plaintiff to "differentiate their allegations" and "inform each defendant separately of the allegations surrounding his alleged participation in the fraud." *Swartz v. KPMG LLP*, 476 F.3d 756, 764-65 (9th Cir. 2007).

26   [3] Allegations against a corporate defendant require further specificity.  Because corporations speak through agents, the identity of the corporate agent or employee that perpetrated the fraud and that person's authority to bind the company

27   must be alleged to satisfy Rule 9(b)'s pleading requirement.  *Mat-Van, Inc. v. Sheldon Good & Co. Auctions, LLC*, 2007 WL 3047093, at *4 (S.D. Cal. Oct. 16, 2007).

28
DEFENDANT'S NOTICE OF  MOTION AND MOTION TO DISMISS
PLAINTIFF'S COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT THEREOF

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

indicated that he prequalified under the program. Compl. ¶ 65, 80. As addressed above, Plaintiff fails to factually support any of these conclusory allegations. Further, Plaintiff cannot allege a misrepresentation as he attaches an exhibit which contradicts his allegations. Plaintiff alleges that BANA's previous counsel indicated that "Plaintiff qualified under the NMSP," and Plaintiff attaches a letter from BANA as Exhibit A to support this allegation. Compl. ¶ 22. However, Plaintiff's exhibit expressly states that Plaintiff "meet the criteria *to apply*" and that "**you must apply for this modification to see if you qualify.**" *See* Plaintiff's Compl., Exhibit A. Nowhere in this letter does BANA represent that Plaintiff prequalified for a loan modification under NMS. Rather, the exhibit invites Plaintiff to apply to determine if Plaintiff qualifies for a modification. Further, at best, Plaintiff submitted his loan modification application to BANA on July 30, 2013 and he concedes his Loan was service-released at most three weeks later by August 20, 2013. Compl. ¶ 33-41. Thus, Plaintiff cannot maintain that BANA engaged in any actionable misrepresentation as a matter of law. Plaintiff's conclusory allegations are contradicted by his own attached exhibit and are insufficient to state a claim for fraud as Plaintiff fails to allege BANA made any *mis*representation as a matter of law.

Plaintiff's fraud claims also fail as he does not allege justifiable reliance. Justifiable reliance is required to establish a complete causal relationship in a fraud claim. *See Engalla v. Permanente Medical Group, Inc.*, 15 Cal. 4th 951, 976 (1997). Actual reliance occurs when a misrepresentation is an immediate cause of [a plaintiff's] conduct, which alters his legal relations, and when, absent such representation, the plaintiff would not, in all reasonable probability, have entered into the contract or other transaction." *Engalla*, 15 Cal. 4th at 976. Moreover, reliance must be reasonable. *Dore v. Arnold Worldwide, Inc.*, 39 Cal. 4th 384, 393 (2006). Here, Plaintiff conclusorily alleges that he relied on BANA's representation to review Plaintiff for a loan modification. Compl. ¶ 68, 71, 84, 86. In support of Plaintiff's allegation of reliance, he alleges he "withdrew his original case

REED SMITH LLP

A limited liability partnership formed in the State of Delaware

– 7 –

against BANA" and has now purportedly "lost an opportunity to obtain the possibility of reducing the principal of his mortgage."  *Id.*  Plaintiff indeed filed a previous lawsuit again BANA on January 11, 2013, and voluntarily dismissed his case ***without prejudice*** to purportedly pursue a loan modification.  RJN, Ex. H, I.  However, Plaintiff does not allege why he waited six month from withdrawing his Complaint until submitting his loan modification to BANA.  Further, Plaintiff cannot allege that BANA caused Plaintiff to dismiss previous lawsuit, especially where his dismissal was voluntary.  Any change in Plaintiff's legal relations was due to Plaintiff's own conduct.  Thus, Plaintiff's conclusory allegation that he relied on BANA's representations by withdrawing his previous lawsuit is insufficient to maintain a cause of action for fraud.  Compl. ¶ 68, 71, 84, 86. Further, Plaintiff concedes he continued to apply for a loan modification ***after*** BANA service-released his loan which indicated that Plaintiff did not lose any opportunity to apply for a modification.  *Id.*   Since Plaintiff still submitted for a loan modification with BANA and his new servicer SPS, Plaintiff fails to allege how his legal relations were affected by his decision to dismiss his previous 2013 Complaint.  Compl. ¶ 25, 33, 36, 41, 49.  In any event, Plaintiff fails to allege how his reliance ***caused*** his injuries, especially where he does not contest his own default under the Loan.  Compl. ¶ 56.  Plaintiff's boilerplate conclusions of reliance are wholly unsupported in his Complaint and his claim fails as a matter of law.

Finally, for a viable fraud claim, a plaintiff must allege facts showing that he suffered an ***identifiable out-of-pocket loss***.  Civ. Code § 1709.  Plaintiff fails to do so. Instead, he alleges "great harm" as he purportedly "lost…the possibility of reducing the principal of his mortgage through the [NMS] at a time where Plaintiff would have received a substantial reduction in principal." Compl. ¶ 70-71, 85-86.  However, a deception without a **resultant hard dollar loss** is not actionable fraud.  *See Stephenson v. Argonaut Ins. Co.*, 125 Cal. App. 4th 962, 974-75 (2004).  Plaintiff has not claimed the loss of a single dollar ***due to*** a purported misrepresentation by BANA.  *See generally* Compl.

– 8 –

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

1  Plaintiff again conclusively alleges that he "would have received a substantial [principal

2  reduction]" on his Loan, but Plaintiff fails to support this with any legal or factual support.

3  Compl. ¶ 70-71, 85-86.  Plaintiff's allegation is contradicted by the letter from BANA he

4  attaches as Exhibit A, which expressly states that he "**must apply for this modification**

5  **to see if you qualify."**  *See* Plaintiff's Compl., Exhibit A.  Thus, Plaintiff cannot allege

6  that he "would have received" anything, as he was required to apply for any modification

7  to determine whether he met the program's requirements.  To the extent Plaintiff alleges a

8  loss of money based on fees, penalties, or arrears based on his loan payments, it is well-

9  established that payments made pursuant to a valid promissory note do not constitute

10  damages.  *See Auerbach,* 74 Cal. App. 4th at 1185.  Regardless, any damages are a result

11  of Plaintiff's own uncontested default, and not any conduct by BANA.  Compl. ¶ 56.

12  Without more, Plaintiff cannot allege any damages and his fraud claims as a matter of law.

### 3. Plaintiff's Negligent Misrepresentation Claim Also Fails as BANA Owes Plaintiff No Duty as a Matter of Law

15  Plaintiff's negligent misrepresentation claim fails for the reasons stated above, as

16  well as the additional reason that BANA owes Plaintiff no duty of care as a matter of law.

17  As is true for a claim of negligence, "responsibility for negligent misrepresentation rests

18  upon the existence of a legal duty, imposed by contract, owed by a defendant to the injured

19  person." *Eddy v. Sharp*, 199 Cal. App. 3d 858, 864 (1988).  However, as a general rule,

20  lenders and loan servicers "owe[] no duty of care to a borrower when the [lending]

21  institution's involvement in the loan transaction does not exceed the scope of its

22  conventional role as a mere lender of money."  *Nymark v. Heart Fed. Sav. & Loan Ass'n*,

23  231 Cal. App. 3d 1089, 1096 (1991); *Castaneda v. Saxon Mortg. Servs.*, 687 F. Supp. 2d

24  1191, 1198 (E.D. Cal. 2009) (applying California law).  Further, advice that falls squarely

25  within the scope of the bank's "conventional role as a lender of money," does not give rise

26  to a separate duty of care.  *See Ragland v. U.S. Bank N.A.*, 209 Cal. App.4th 182, 207

27  (2012).  Here, Plaintiff alleges that BANA represented that it would review Plaintiff for a

28

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

– 9 –

loan modification. Compl. ¶ 65, 80.  However, any such misrepresentation is falls within the Bank's conventional role as lender of money.  Plaintiff does not allege that BANA stepped outside the typical role of lender, servicer, or beneficiary. Thus, Plaintiff's negligent misrepresentation claim fails as a matter of law.

**B.      Plaintiff Fails to Allege that HBOR Provisions were Triggered and Fails to Allege Conduct**

In Plaintiff's third, fourth, and fifth causes of action he alleges HBOR violations including California Civil Code sections 2923.6, 2924.10, and 2924.18.  Compl. ¶¶ 95-106. Specifically, Plaintiff alleges that all Defendants "failed to provide written notice identifying the reasons Plaintiff  was denied a first lien loan modification…for the loan application submitted on June 30, 2014" pursuant to Civil Code section 2923.6 ("Section 2923.6").  Compl. ¶ 96, 98.  Plaintiff next recites statutory law and states that all Defendants "did not provide Plaintiff with a written acknowledgement of receipt of Plaintiff's loan modification," pursuant to Civil Code section 2924.10 ("Section 2924.10"). Compl. ¶102.  Finally, Plaintiff alleges a violation of Civil Code section 2924.18 ("Section 2924.18") by alleging that Plaintiff submitted loan modification applications on March 23, 2013 and June 7, 2013 and that all Defendants "did not provide a written determination on the denial of the application." Compl. ¶105.  However, Plaintiff's three HBOR causes of action fail as he fails to allege facts in support of his claim that he submitted a complete loan modification, as he must.  Further, Plaintiff's allegations are generally alleged against all Defendants and he fails to specifically allege actionable conduct by BANA in support of his claims.

**1.      Plaintiff Fails to Allege a Violation of Section 2923.6 as He Fails to Allege He Submitted a Complete Application**

Plaintiff's alleges that all Defendants "failed to provide written notice identifying the reasons Plaintiff  was denied a first lien loan modification…for the loan application submitted on June 30, 2014." pursuant to Civil Code section 2923.6 ("Section 2923.6").

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

– 10 –

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

1  Compl. ¶ 96, 98.  However, Plaintiff fails to allege any actionable conduct by BANA

2  as he predicates his claim on conduct from a June 30, 2014 loan modification

3  application, which occurred after BANA service-released Plaintiff's Loan to SPS.

4  Compl. ¶ 41, 98.  Regardless, any Section 2923.6 claim fails as Plaintiff does not allege

5  he submitted a complete loan modification, as he must.

6         HBOR makes several changes to California's non-judicial foreclosure laws, one

7  of which is codified as Civil Code Section 2923.6.  Under Section 2923.6(b), the

8  Legislature stated their intent is for a "mortgage servicer [to] offer the borrower a loan

9  modification or workout plan if such a modification or plan is consistent with its

10  contractual or other authority." Civ. Code § 2923.6 (b).  Section 2923.6(c) provides,

11  "If a borrower submits a *complete* application for a first lien loan modification offered

12  by, or through, the borrower's mortgage servicer, a mortgage servicer…shall not

13  record a notice of default or notice of sale, or conduct a trustee's sale, while the

14  complete first lien loan modification application is pending." Civ. Code § 2923.6(c)

15  (emphasis added). "An application shall be deemed '*complete*' when a borrower has

16  supplied the mortgage servicer with all documents required by the mortgage servicer

17  within the reasonable timeframes specified by the mortgage servicer." Civ. Code §

18  2923.6(h) (Emph. added).  Further, Section 2923.6 (d) provides that, "if the borrower's

19  application for a first lien loan modification is denied, the borrower shall have at least

20  30 days from the date of the written denial to appeal the denial and to provide

21  evidence that the mortgage servicer's determination was in error." Civ. Code §

22  2923.6(d).

23         As a preliminary matter, Plaintiff's claim fails as he does not allege actionable

24  conduct by BANA.   Plaintiff specifically predicates his claim on conduct from a June

25  30, 2014 loan modification application.  Compl. ¶ 98.  However, Plaintiff concedes that

26  his Loan was service-released by BANA to SPS on or before August 20. 2013, nearly one

27  year prior to any purported modification application.  Compl. ¶ 41.  Thus, Plaintiff cannot

28

– 11 –

allege actionable conduct by BANA in support of his Section 2923.6 claim as BANA service released his Loan over one year before Plaintiff's alleged actionable conduct. Compl. ¶ 41, 98.

   To the extent Plaintiff predicates his Section 2923.6 claims on other modification applications, Plaintiff's claim still fails to allege a complete application. As indicated above, Section 2923.6 is only triggered upon the submission of a **complete** loan modification application, which requires "all documents required by the mortgage servicer."  Civ. Code § 2923.6(c), (h).  Here, Plaintiff makes the conclusory assertion that he "submitted completed loan modification applications on or about March 23, 2013, June 7, 2013 and an updated…application on June 24, 2013." Compl. ¶ 105. Plaintiff's allegations are misguided as he misconstrues what a 'complete' application entails.  Plaintiff concedes in his Complaint that after submitting documents to BANA on March 23, 2013, he was specifically informed on June 6, 2013 that his application was withdrawn by Plaintiff's own decision.  Compl. ¶ 27.  Plaintiff's own concessions demonstrate that Plaintiff was not in active loan modification review by BANA as of June 6, 2013.  Compl. ¶ 27.  Plaintiff next alleges that on June 25, 2013 he "re-submitted the NMSP with additional documents," and further concedes that a BANA representative "requested additional documents from Plaintiff," on June 27, 2013, July 9, 2013, and July 30, 2013. Compl. ¶ 33-39. Plaintiff concedes that throughout this process he re-submitted the requested documents to BANA. *Id.*  Plaintiff next alleges that his Loan was service released to SPS on or before August 20, 2013.  Compl. ¶ 41.  Since Plaintiff continued to submit documents to BANA up until the time of the service release to SPS, Plaintiff cannot allege his application was deemed 'complete' pursuant to Civil Code section 2923.6. Civ. Code § 2923.6(h). Plaintiff's inconsistent allegations infer that he indeed failed to submit "all documents required by the mortgage servicer," and his incomplete modification application did not trigger the provisions of Section 2923.6.

REED SMITH LLP

A limited liability partnership formed in the State of Delaware

– 12 –

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

1    Even if Plaintiff could allege BANA engaged in actionable conduct, which he

2    cannot, Plaintiff's claim fails as he has not alleged that BANA declined his loan

3    modification application.  Compl. ¶ 95-99.  Plaintiff's claim under Section 2923.6 is

4    predicated under section (d), which states that if a Borrower is denied a modification they

5    must be provided "30 days from the date of the written denial to appeal the denial."  Civ.

6    Code § 2923.6(d).  Plaintiff's reliance on this provision is misguided as he concedes

7    throughout his Complaint that at best he submitted a loan modification application to

8    BANA on July 30, 2013 and his Loan was service released at some point in the three

9    weeks following that date.  Compl. ¶ 33-41.  Without more, Plaintiff cannot maintain a

10   claim under Section 2923.6 because he cannot allege any actionable conduct by

11   BANA or that the statute was triggered by any purported modification decline.

12   Therefore, based on Plaintiff's own allegations, his Section 2923.6 claim fails as a

13   matter of law.

14   **2.    Plaintiff Fails to Allege a Violation of Section 2924.10 or Section**

15   **2924.18 as he Cannot Allege a Complete Modification Application**

16   In Plaintiff's fourth and fifth causes of action for Section 2924.10 and Section

17   2914.18, Plaintiff conclusorily alleges that all Defendants "did not provide Plaintiff with a

18   written acknowledgement of receipt of Plaintiff's loan modification," and "did not provide

19   a written determination on the denial of the application," pursuant to Section 2924.10 and

20   Section 2924.18.  Compl. ¶102- 05. However, as addressed above, Plaintiff's claims fail as

21   he does not allege he submitted a complete loan modification application to BANA and

22   further fails to allege actionable conduct by BANA as a matter of law.

23   As stated above, Section 2923.6(c) provides, "If a borrower submits a ***complete***

24   ***application for a first lien loan modification*** offered by, or through, the borrower's

25   mortgage servicer, a mortgage servicer…shall not record a notice of default or notice of

26   sale, or conduct a trustee's sale, while the complete first lien loan modification application

27

28                                              – 13 –

1  is pending."[4]  Similarly, Section 2924.10 requires that a servicer to provide a "written

2  acknowledgement" after receipt of a complete first lien modification application, while

3  Civil Code Section 2924.18 requires a "written determination" of a Borrower's application

4  before recording any foreclosure notices.  *See* Civ. Code § 2924.10; Civ. Code § 2924.18.

5        Here, Plaintiff conclusorily alleges that all Defendants failed to provide written

6  acknowledgements and determinations, but as addressed extensively in Section IV (B) (1),

7  Plaintiff fails to allege he submitted a complete modification application to BANA, as he

8  must.  *See supra* Section IV (B) (1).  Just like Section 2923.6, Sections 2924.10 and

9  2924.18 are only triggered upon the submission of a ***complete*** loan modification

10  application.  *See* Civ. Code § 2924.10; Civ. Code § 2924.18.  Plaintiff concedes in his

11  Complaint that his modification application was withdrawn from active review as of June

12  6, 2013.  Compl. ¶ 27.  Further, Plaintiff alleges that after his modification application

13  was withdrawn, he began re-submitting additional documents beginning on June 25,

14  2013 through the time his Loan was service released on or before August 20, 2013.

15  *See* Compl. ¶ 33-41.  Thus, Plaintiff cannot allege his application was ever deemed

16  'complete' pursuant to Civil Code section 2923.6.   Civ. Code § 2923.6(h).

17  Accordingly, Plaintiff cannot allege a violation of Section 2924.10 or Section

18  2924.18, as both statutes are only triggered upon the submission of a complete loan

19  modification application.  Even if Plaintiff could allege he submitted a complete

20  application, which he cannot, Plaintiff's claim under Section 2924.10 fails as he

21  concedes that BANA provided an acknowledgement of his submitted modification

22  documents.  Specifically, Plaintiff alleges that he submitted modification documents

23  to BANA beginning on June 25, 2013 and that a BANA representative "indicated the

24  documents were received by [BANA]." Compl. ¶ 33-38.  Thus, any conclusory

25  allegation that Plaintiff never received an acknowledgement of BANA's receipt of

26

27  [4] Section 2923.6(h) deems a 'complete' application "when a borrower has supplied the mortgage servicer with ***all documents required by the mortgage servicer*** within the reasonable timeframes specified." (Emph. added).

28

DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS
PLAINTIFF'S COMPLAINT; MEMORADUM OF POINTS AND AUTHORITIES
IN SUPPORT THEREOF

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

1  modification documents is directly contradicted by Plaintiff's own concessions.

2  Accordingly, Plaintiff cannot maintain a claim under either Section 2924.10 or Section

3  2924.18 as a matter of law.

4  **C.    Plaintiff's UCL Claim Fails as He Does Not Allege Injury or Actionable**

5  **Conduct**

6          In Plaintiff's final cause of action for a violation of Business & Professions Code

7  section 17200 ("UCL"), Plaintiff merely recites statutory language and alleges in a

8  conclusory fashion that all Defendants' "committed unlawful acts."  Compl. ¶ 108.

9  Specifically, Plaintiff alleges that BANA violated the UCL by "falsely indicat[ing] Plaintiff

10 would be reviewed under the [NMS]," "failing to acknowledge receipt of Plaintiff's loan

11 modification documents," "ignoring Plaintiff's inquiries," "misleading Plaintiff into

12 believing that Defendants would not file a foreclosure proceeding" and engaging in "dual

13 tracking."   Compl. ¶ 108.  As a result of BANA's purported conduct, Plaintiff seeks

14 "attorney's fees, costs, and expenses incurred in the filing and prosecuting of this action,"

15 Compl. ¶ 116.  However, Plaintiff's claim fails because he lacks standing and fails to

16 allege actionable conduct by BANA.

17      **1.    Plaintiff Lacks Standing Because He Fails to Allege Injury**

18          As a threshold matter, Plaintiff does not plead facts demonstrating he has

19 standing to bring a UCL claim. A private plaintiff has standing to assert a UCL claim

20 only if she (1) "has suffered injury in fact," and (2) "has lost money or property as a

21 result of such unfair competition."  Bus. & Prof. Code § 17204;  *see also R&B Auto*

22 *Ctr., Inc. v. Farmers Group, Inc.*, 140 Cal. App. 4th 327, 360 (2006).  A plaintiff must

23 plead facts that her injury-in-fact was the "immediate" result of the defendant's

24 alleged misconduct.  *See In re Tobacco II Cases*, 46 Cal. 4th 298, 328 (2009).

25          Here, Plaintiff fails to allege any injuries as a result of BANA's purported

26 violation of the UCL.  Plaintiff merely seeks the recovery of "attorney's fees, costs, and

27 expenses incurred in the filing and prosecuting of this action." Compl. ¶ 116.  Plaintiff

28

– 15 –

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

has not alleged sufficient facts to show he suffered any specific **injury in fact** as a result of BANA's alleged conduct.  Specifically, Plaintiff fails to allege how he suffered a monetary loss due to BANA's purported conduct.  Plaintiff cannot allege BANA forced him to hire an attorney, and any attorney's fees are a result of his own decision to hire counsel.  Further, Plaintiff cannot predicate his allegations of damages on any Property loss, as he does not allege the Property has been sold.  *See generally* Compl.  Finally, loan payments made pursuant to a promissory note cannot support a showing of harm.  *Auerbach,* 74 Cal. App. 4th at 1185.  Thus, to the extent Plaintiff alleges monetary damages accumulated pursuant to his Note, those claims cannot constitute his injury as a matter of law.  Regardless, any foreclosure is due to Plaintiff's own uncontested default and not any conduct by BANA.  Because Plaintiff has not, and cannot, allege that he suffered damages as a result of BANA's conduct, his UCL claim fails as a matter of law.

## 2.     Plaintiff Does Not Allege Any Actionable Conduct

Additionally, Plaintiff's UCL claim also fails because he fails to allege that BANA engaged in any actionable conduct. The UCL precludes any unlawful, unfair, or fraudulent business act or practice.  Bus. & Prof. Code §17200 *et seq.*  The "unlawful" prong of the UCL applies where a practice is "forbidden by law, be it civil or criminal, federal, state, or municipal, statutory, regulatory, or court-made." *See Saunders v. Sup. Ct.*, 27 Cal. App. 4th 832, 838-39 (1994).  In short, the UCL "borrows" violations of other laws and authorizes a separate action pursuant to the UCL.  *See Farmers Ins. Exch. v. Super. Ct.*, 2 Cal. 4th 377, 383 (1992). "Unfair" conduct in UCL actions must be violative of a public policy "tethered to specific constitutional, statutory, or regulatory provisions." *Scripps Clinic v. Super. Ct.*, 108 Cal. App. 4th 917, 940 (2003). The "fraudulent" prong refers to conduct likely to deceive a consumer.  *In re Tobacco II Cases*, 46 Cal. 4th 298, 312 (2009).  Finally, "a plaintiff alleging [a UCL violation] must state with reasonable particularity the facts supporting the statutory elements of the violation." *Khoury v. Maly's of California*, 14 Cal.

REED SMITH LLP

A limited liability partnership formed in the State of Delaware

DEFENDANT'S NOTICE OF  MOTION AND MOTION TO DISMISS
PLAINTIFF'S COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT THEREOF

App. 4th 612, 617 (1993).

As addressed extensively above, Plaintiff again makes generalized allegations that all Defendants violated the UCL.  Compl. ¶ 107-116.  However, Plaintiff's vague and generalized allegations are not sufficient to maintain a cause of action against BANA, as he fails to identify any specific conduct pertaining to BANA.  Plaintiff's entire Complaint is devoid of any factual allegations of wrongdoing against BANA.  *See generally* Compl.  Without first identifying any actionable conduct by BANA, Plaintiff cannot maintain his claim against BANA as a matter of law.  Further, Plaintiff's unsupported allegations of generalized wrongful conduct are the same allegations that are discussed throughout Plaintiff's Complaint.  Therefore, Plaintiff's UCL claim fails for the same reasons each of his other claim fails, as described throughout this Motion.  *See supra* Defendant's Motion to Dismiss.  To the extent Plaintiff alleges actionable conduct related to the filing of foreclosure documents and dual-tracking, Plaintiff cannot predicate these allegations against BANA, as the publicly recorded documents demonstrate that ReconTrust recorded a Notice of Rescission of Declaration of Default on December 19, 2013.  RJN, Ex. F.  Accordingly, there is no operative Notice of Default recorded by BANA or ReconTrust.  Further, Plaintiff concedes that BANA service released his Loan in August 2013 and further concedes that the current foreclosure documents were recorded by the new servicer in 2015.  Compl. ¶ 41, 56, 108; RJN, Ex. G.  For the reasons stated above, Plaintiff cannot maintain their UCL claim as a matter of law.

## V.   CONCLUSION

For the reasons stated above, Plaintiff has not, and cannot, state a single cause of action against BANA as a matter of law.  Plaintiff's Complaint is riddled with generic and conclusory allegations that are devoid of any factual or legal support.  Plaintiff has not indicated anywhere in his Complaint that he can amend to allege a viable cause of action against BANA.  Accordingly, BANA respectfully requests the Court grant its Motion to Dismiss in its entirety, without leave to amend.

– 17 –

DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS
PLAINTIFF'S COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT THEREOF

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

1   DATED:  June 25, 2015

2                                REED SMITH LLP

3

4                                By: /s/ *Alexander J. Gershen*
                                      Alexander J. Gershen (SBN 291929)
5                                      Attorneys for Defendant Bank of America,
                                       N.A.
6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

– 18 –

DEFENDANT'S NOTICE OF  MOTION AND MOTION TO DISMISS
PLAINTIFF'S COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT THEREOF