Molly Taylor Zapala (SBN 245985)
Email: mzapala@reedsmith.com
Alexander J. Gershen (SBN 291929)
Email: agershen@reedsmith.com
REED SMITH LLP
101 Second Street, Suite 1800
San Francisco, CA 94105-3659
Telephone: +1 415 543 8700
Facsimile: +1 415 391 8269

Attorneys for Defendant
Bank of America, N.A.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DONALD OKADA, an individual,<br><br>            Plaintiff,<br><br>    vs.<br><br>BANK OF AMERICA, N.A.; SELECT PORTFOLIO SERVICING; NATIONAL DEFAULT SERVICING CORPORATION AND; DOES 1-50,<br><br>            Defendants. | Case No. 8:15-cv-00981-CJC-E<br><br>**DEFENDANT'S REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF MOTION TO DISMISS PURSUANT TO FED. R. CIV. PRO. 12(B)(6)**<br><br>Date:            August 3, 2015<br>Time:            1:30 P.M.<br>Place:           Courtroom 9B<br>Compl. Filed:    May 11, 2015<br>Compl. Removed: June 18, 2015<br><br>Honorable Cormac J. Carney<br><br>*[Filed concurrently with Notice of Motion, Motion to Dismiss, and Proposed Order; and Certificate of Interested Parties]]* |

**TO THE COURT, PLAINTIFF AND HIS COUNSEL:**

Defendant Bank of America, N.A. ("BANA" or "Defendant") respectfully requests that the Court take judicial notice of the following documents in support of Defendant's Motion to Dismiss the Complaint of Plaintiff Donald Okada ("Plaintiff"):

- **Exhibit A**: Deed of Trust, related to the property located at 316-316 1/2 Iris Avenue, Newport Beach, CA  92625, recorded on November 17, 2006 in the Orange County Recorder's Office, as Document No. 2006000781337.  A true and correct copy is attached as Exhibit A.

- **Exhibit B**: Deed of Trust and Assignment of Rents, related to the property located at 316-316 1/2 Iris Avenue, Newport Beach, CA  92625, recorded on November 17, 2006 in the Orange County Recorder's Office, as Document No. 2006000781338.  A true and correct copy is attached as Exhibit B.

- **Exhibit C:** Assignment of Deed of Trust, related to the Deed of Trust in Exhibit A, recorded on June 22, 2011 in the Orange County Recorder's Office, as Document No. 2011000304326.  A true and correct copy is attached as Exhibit C.

- **Exhibit D:** Notice of Default and Election to Sell Under Deed of Trust, related to the Deed of Trust in Exhibit A, recorded on August 5, 2011 in the Orange County Recorder's Office, as Document No. 2011000384179.  A true and correct copy is attached as Exhibit D.

- **Exhibit E:** Notice of Trustee's Sale, related to the Notice of Default in Exhibit D, recorded on November 10, 2011 in the Orange County Recorder's Office, as Document No. 2011000571664.  A true and correct copy is attached as Exhibit E.

- **Exhibit F:** Notice of Rescission of Declaration of Default, related to the Notice of Default in Exhibit D, recorded on December 19, 2013 in the Orange County Recorder's Office, as Document No. 2013000698301.  A true and correct copy is attached as Exhibit F.
- **Exhibit G:** Notice of Default and Election to Sell Under Deed of Trust, related to the Deed of Trust in Exhibit A, recorded on February 27, 2015 in the Orange County Recorder's Office, as Document No. 2015000105792.  A true and correct copy is attached as Exhibit G.
- **Exhibit H:** Complaint filed by Donald Okada on January 11, 2013 in the Superior Court of California, County of Orange, as case number 30-2013-00623493-CU-OR-CJC. A true and correct copy is attached as Exhibit H.
- **Exhibit I:** Request for Dismissal, filed on March 25, 2013, related to the Complaint in Exhibit H.  A true and correct copy is attached as Exhibit I.
- **Exhibit J:** Notice of Pendency of Action, filed on January 14, 2013 related to the Complaint in Exhibit H.  A true and correct copy is attached as Exhibit J.
- **Exhibit K:** Notice of Pendency of Action, filed on January 16, 2013 related to the Complaint in Exhibit H.  A true and correct copy is attached as Exhibit K.
- **Exhibit L:** Withdrawal of Lis Pendens, filed on March 29, 2013 related to the Notice of Pendency of Action in Exhibit J and Exhibit K.  A true and correct copy is attached as Exhibit L.

In deciding whether to dismiss a claim under Federal Rule of Civil Procedure 12(b)(6), the Court is generally limited to reviewing only the complaint, but may

review materials which are properly submitted as part of the complaint and may take judicial notice of public records outside the pleadings. *See Gonzalez v. First Franklin Loan Services*, 2010 WL 144862, at *3 (E.D. Cal. Jan. 11, 2010) (citing *Lee v. City of Los Angeles*, 250 F.3d 668, 688-89 (9th Cir. 2001); *Campanelli v. Bockrath*, 100 F.3d 1476, 1479 (9th Cir. 1996); *MGIC Indem. Corp. v. Weisman*, 803 F.2d 500, 504 (9th Cir. 1986).

Pursuant to Federal Rule of Evidence 201, the Court may take judicial notice of adjudicative facts, which are "either (1) generally known within the territorial jurisdiction of the trial court, or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed. Rule Evid. 201(b). In addition, "documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered in ruling on a Rule 12(b)(6) motion to dismiss." *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994) overruled in part on other grounds by *Galbraith v. County of Santa Clara*, 307 F.3d 1119 (9th Cir. 2002) ("[A] document is not 'outside' the complaint if the complaint specifically refers to the document and if its authenticity is not questioned"; a court may properly consider such document in ruling on a motion to dismiss). A court may also take judicial notice of facts "capable of accurate and ready determination" by reliable sources. *See* Fed. Rule Evid. 201(b); *see also United States v. Mariscal*, 285 F.3d 1127, 1131 (9th Cir. 2002).

Accordingly, the Court may take judicial notice of Exhibits A through L. because each is a matter of public record, as each was recorded in the Official Records of Los Angeles County, California. *See Montes v. Quality Loan Service Corp.*, 2010 WL 114485, at *1 (C.D. Cal. Jan. 5, 2010) (taking judicial notice of plaintiff's Deed of Trust and facts contained therein because a Deed of Trust is "capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned"). Further, this Court may also take judicial notice of the documents filed in *Greenspan v. Bank of America Corporation, et al.*, Los Angeles Superior Court,

– 3 –
DEFENDANT'S REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF
MOTION TO DISMISS PURSUANT TO FED. R. CIV. PRO. 12(B)(6)

1  Case no. BC501557 (2013) (*see* Exhibits H through I), because they are a matter of
2  public record and capable of accurate and ready determination by resort to sources
3  whose accuracy cannot reasonably be questioned.
4      Thus, this Court may take judicial notice of **Exhibits A through L** because
5  each exhibit is a matter of public record, and because each is referenced or forms the
6  basis of Plaintiff's adversary Complaint.

8  DATED: June 25, 2015    REED SMITH LLP

10  By: */s/ Alexander J. Gershen*
    Alexander J. Gershen (SBN 291929)
11  Attorney for Defendant Bank of America, N.A