**LOCKE LORD LLP**
Conrad V. Sison, 217197
csison@lockelord.com
300 South Grand Avenue, Suite 2600
Los Angeles, CA 90071
Telephone: 213-485-1500

Jonathan S. Lieberman, 278058
jlieberman@lockelord.com
44 Montgomery Street, Suite 4100
San Francisco, CA 94104
Telephone: (415) 318-8810
Fax: (415) 676-5816

Attorneys for Defendants
SELECT PORTFOLIO SERVICING, INC. (erroneously sued as "Select Portfolio
Servicing") and NATIONAL DEFAULT SERVICING CORPORATION

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

DONALD OKADA, an individual

    Plaintiff,

  vs.

BANK OF AMERICA, N.A.; SELECT
PORTFOLIO SERVICING; NATIONAL
DEFAULT SERVICING CORPORATION
AND; DOES 1-50;

    Defendants.

CASE NO. 8:15-cv-00981

**SELECT PORTFOLIO
SERVICING, INC. AND
NATIONAL DEFAULT
SERVICING CORPORATION'S
NOTICE OF MOTION AND
MOTION TO DISMISS
PLAINTIFF'S COMPLAINT;
MEMORANDUM OF POINTS
AND AUTHORITIES IN
SUPPORT THEREOF**

Date: September 22, 2015
Time: 1:30 p.m.
Place: Courtroom 9B

Complaint Filed: May 11, 2015

*(left margin, vertical)* **Locke Lord LLP**
300 South Grand Avenue, Suite 2600
Los Angeles, CA 90071

**TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

PLEASE TAKE NOTICE that on September 22, 2015 at 1:30 p.m., or as soon thereafter as the matter may be heard in the above-entitled Court, defendants Select Portfolio Servicing, Inc. and National Default Servicing, Inc. will bring for hearing before the Honorable Cormac J. Carney, United States District Judge in Courtroom 9B of the Ronald Reagan Federal Building and United States Courthouse, 411 West Fourth Street, Santa Ana, California, 92701-4516, a Motion to Dismiss the complaint of plaintiff Donald Okada under Rule 12(b)(6) of the Federal Rules of Civil Procedure.

This motion is based on this Notice of Motion and Motion, the Memorandum of Points and Authorities, Request for Judicial Notice, the pleadings, papers and records on file in this case, and such oral argument as may be presented at any hearing.

This motion is made following the conference of counsel pursuant to L.R. 7-3 which took place on July 16, 2015.

DATED: July 24, 2015                         LOCKE LORD LLP


By:     /s/ Jonathan S. Lieberman
          Conrad V. Sison
          Jonathan S. Lieberman
          Attorneys for Defendants
          SELECT PORTFOLIO SERVICING, INC.
          and NATIONAL DEFAULT SERVICING
          CORPORATION

*Locke Lord LLP*
*300 South Grand Avenue, Suite 2600*
*Los Angeles, CA 90071*

# **TABLE OF CONTENTS**

I.     INTRODUCTION ................................................................................ 1

II.    PERTINENT FACTS AND ALLEGATIONS ................................... 2

III.   LEGAL ARGUMENT ....................................................................... 3

    A.    Applicable Pleading Standard ................................................. 3

    B.    Plaintiff's Complaint Fails Under Rule 8(a) ........................... 3

    C.    The Complaint Must Be Dismissed As To NDSC Because Plaintiff Does Not Make a Single Factual Allegation Against It ................................................. 4

    D.    Plaintiff's First And Second Fraud-Based Causes of Action Fail To State A Claim Against SPS ................................................................ 5

       1.   Plaintiff's Fraud-Based Claims Are Insufficiently Pled. ...................... 5

         a.   Plaintiff Has Failed to Allege A Misrepresentation As To SPS ................. 6

         b.   Plaintiff Fails to Allege Facts Evidencing Defendants' Knowledge Of Any False Statements ................................................... 7

         c.   Plaintiff Fails To Allege Facts Evidencing SPS's Intent To Defraud Or Induce Reliance ................................................... 7

         d.   Plaintiff Has Failed To Allege Facts To Establish Justifiable Reliance ...... 7

         e.   Plaintiff Fails To Allege That He Was Damaged By SPS's Conduct ......... 9

    E.    Plaintiff Cannot State An HBOR Claim Against SPS or NDSC Because The Property Is Not Owner-Occupied and He Concedes That He Never Submitted a Complete Loan Modification Application ................................... 10

       1.   Plaintiff Does Not Allege that the Property Is Owner-Occupied ............... 11

       2.   Plaintiff Concedes That He Never Submitted a Complete Loan Modification Application to SPS ................................................... 11

    F.    Plaintiff Fails to State a Business and Professions Code § 17200 Claim ...... 13

IV.   CONCLUSION ................................................................................ 16

**Locke Lord LLP**
300 South Grand Avenue, Suite 2600
Los Angeles, CA 90071

# <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**CASES**

*Aaron v. Aguirre,*
    No. 06-CV-1451-H(POR), 2007 WL 959083 (S.D. Cal. Mar. 8, 2007)..............4

*Adams v. PNC Bank, N.A.,*
    No. 5:14-cv-04330-PSG, 2014 WL 7388124 (N.D. Cal. Dec. 29, 2014)......8, 10

*Alliance Mortg. Co. v. Rothwell,*
    10 Cal.4th 1226 (1995) ...................................................................................9

*Ashcroft v. Iqbal,*
    556 U.S. 662 (2009)................................................................................3, 4, 5

*Banuelos v. Nationstar Mortgage, LLC,*
    No. 13 -05308, 2014 WL 1246843 (N.D. Cal. Mar. 25, 2014)........................11

*Bell Atlantic Corp. v. Twombly,*
    550 U.S. 544 (2007)................................................................................3, 4, 5

*Bernardo v. Planned Parenthood Fed. of America,*
    115 Cal. App. 4th 322 (2004) .......................................................................13

*Cadio v. Owens–Illinois, Inc.,*
    125 Cal. App. 4th 513 (2004) .......................................................................5, 6

*Chabner v. United of Omaha Life Ins. Co.,*
    225 F.3d 1042 (9th Cir. 2000) ......................................................................16

*Corazon v. Aurora Loan Services,*
    No. 11-00542, 2011 WL 1740099 (N.D. Cal. May 5, 2011) ...........................4

*Daro v. Superior Court,*
    151 Cal. App. 4th 1079 (2007) .....................................................................15

*DeLeon v. Wells Fargo Bank, N.A.,*
    No. 10-CV-01390-LHK, 2011 WL 311376 (N.D. Cal. Jan 28, 2011)..............15

*Dore v. Arnold Worldwide, Inc.,*
    39 Cal. 4th 384 (2006) ..................................................................................8

**Locke Lord LLP**
300 South Grand Avenue, Suite 2600
Los Angeles, CA 90071

NOTICE OF MOTION AND MOTION TO DISMISS THE COMPLAINT
*Okada v. Bank of America, N.A., et al.*, Case No. 8:15-cv-00981

*Engalla v. Permanente Medical Group, Inc.*,
   15 Cal. 4th 951 (1997) .................................................................... 7, 8

*Gauvin v. Trombatore*,
   682 F.Supp. 1067 (N.D. Cal. 1988) ............................................... 4

*Glenn K. Jackson Inc. v. Roe*,
   273 F.3d 1192 (9th Cir. 2001) ........................................................ 15

*Gonsalves v. Hodgson*,
   38 Cal.2d 91 (1958) ....................................................................... 5

*Hamilton v. Greenwich Investors XXVI, LLC*,
   195 Cal. App. 4th 1602 (2011) ...................................................... 6

*Intengan v. BAC Home Loans Servicing LP*,
   214 Cal. App. 4th 1047 (2013) ...................................................... 8

*Khan v. CitiMortgage, Inc.*,
   975 F.Supp.2d 1127 (E.D. Cal. Sept. 30, 2013) ........................... 9

*Khoury v. Maly's of Cal., Inc.*,
   14 Cal. App. 4th 612 (1993) ...................................................... 14, 15

*Krantz v. BT Visual Images*, *LLC*
   89 Cal. App. 4th 164 (2001) ...................................................... 14, 15

*Lazar v. Super. Ct.*,
   12 Cal. 4th 631 (1996) .................................................................... 5

*Lueras v. BAC Home Loans Servicing, LP*,
   221 Cal. App. 4th 49 (2013) .......................................................... 10

*Mabry v. Superior Cour*t,
   185 Cal. App. 4th 208 (2010) ........................................................ 8

*Nastrom v. JPMorgan Chase Bank, N.A.*,
   No. 11-01998, 2012 WL 5522795 (E.D. Cal. Nov. 14, 2012) ...... 8, 10

*Newman v. OneWest Bank*,
   FSB, 2010 WL 797188 (C.D. Cal. Mar. 5, 2010) ........................ 4, 14

*Pantoja v. Countrywide Home Loans, Inc.*,
   640 F. Supp. 2d 1177 (N.D. Cal. 2009) ......................................... 14

**Locke Lord LLP**
300 South Grand Avenue, Suite 2600
Los Angeles, CA 90071

iii

*Perez v. Wells Fargo Bank*, *N.A.*,
   No. C–11–02279 JCS, 2011 WL 3809808 (N.D. Cal. Aug, 29, 2011) ............. 15

*In re Sagent Tech., Inc.*,
   278 F.Supp.2d 1079 (N.D. Cal. 2003) .................................................................. 4

*Scripps Clinic v. Superior Court*,
   108 Cal. App. 4th 917 (2003) ........................................................................... 14

*Simila v. American Sterling Bank*,
   No. 09–CV–781, 2010 WL 3988171 (S.D. Cal. Oct. 12, 2010) ...................... 14

*Sprewell v. Golden State Warriors*,
   266 F.3d 979 (9th Cir. 2001) .............................................................................. 3

*Stephenson v. Argonaut Ins. Co.*,
   125 Cal. App. 4th 962 (2004) ............................................................................. 9

*Tarmann v. State Farm Mut. Auto Ins. Co.*,
   2 Cal. App. 4th 153 (1991) ................................................................................. 6

*Wilhelm v. Pray, Price, Williams & Russell*,
   186 Cal. App. 3d 1324 (1986) ............................................................................ 5

STATUTES

CAL. BUS. & PROF. CODE § 17200 .......................................................................... 13

CAL. BUS. & PROF. CODE § 17204 .......................................................................... 13

CAL. CIV. CODE § 1709 ............................................................................................ 9

CAL. CIV. CODE § 2923.6 ..................................................................... 10, 11, 12, 13

CAL. CIV. CODE § 2924.10 .......................................................................... 10, 11, 12

CAL. CIV. CODE § 2924.15 ...................................................................................... 11

CAL. CIV. CODE § 2924.18 .......................................................................... 10, 11, 12

CAL. CIV. CODE § 3283 ............................................................................................ 9

**Locke Lord LLP**
300 South Grand Avenue, Suite 2600
Los Angeles, CA 90071

NOTICE OF MOTION AND MOTION TO DISMISS THE COMPLAINT
*Okada v. Bank of America, N.A., et al.*, Case No. 8:15-cv-00981

**OTHER AUTHORITIES**

FED. R. CIV. PROC. 9 ........................................................................................... 1, 3, 5

FED. R. CIV. PROC. 8 ........................................................................................ 1, 3, 4, 14

FED. R. CIV. PROC. 12(b)(6) ..................................................................................... 3

**Locke Lord LLP**
300 South Grand Avenue, Suite 2600
Los Angeles, CA 90071

NOTICE OF MOTION AND MOTION TO DISMISS THE COMPLAINT
*Okada v. Bank of America, N.A., et al.*, Case No. 8:15-cv-00981

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.   INTRODUCTION

Defendants SELECT PORTFOLIO SERVICING, INC. ("SPS") and NATIONAL DEFAULT SERVICING CORPORATION ("NDSC") move to dismiss the Complaint filed by plaintiff Donald Okada ("Plaintiff") for failure to state a claim.

Plaintiff's lawsuit arises from a $1,610,000 mortgage loan he obtained in 2006 to refinance his investment property.  Plaintiff's complaint against BANK OF AMERICA, N.A. ("BANA"), SPS, and NDSC is premised on allegations that he was not properly evaluated for a loan modification under the National Mortgage Settlement Program ("NMSP") which expired in January, 2015 and, had he qualified and received a modification under the NMSP, would have offered a reduction on the principal balance of his loan.

In short, each of Plaintiff's claims is inadequately pled, is inapplicable against SPS and/or NDSC, or otherwise fails as a matter of law.  First, the Complaint fails in its entirety as to NDSC because Plaintiff makes no factual allegations against it.  Second, the third, fourth, fifth and sixth causes of action fail under Rule 8 because Plaintiff impermissibly lumps "Defendants" together without putting either SPS or NDSC on notice of the claims being asserted against them.  Plaintiff's fraud-based claims fail because Plaintiff does not and cannot plead the elements of either claim under the heightened pleading standard of Rule 9.  His HBOR claims fail because the Property is not owner-occupied, and Plaintiff cannot allege that he ever submitted a complete loan modification application to SPS.  Finally, his UCL claim fails because it is derivative of his other failed claims against SPS and NDSC and/or is based on allegations that have no factual support and instead simply track the statutory language of a violation.

**Locke Lord LLP**
300 South Grand Avenue, Suite 2600
Los Angeles, CA 90071

Locke Lord LLP
300 South Grand Avenue, Suite 2600
Los Angeles, CA 90071

Accordingly, SPS and NDSC respectfully request that this Court grant their Motion to Dismiss Plaintiffs' Complaint ("Compl.") in its entirety, without leave to amend.

## II.   PERTINENT FACTS AND ALLEGATIONS

On November 15, 2006, Plaintiff Donald Okada ("Plaintiff") obtained a $1,610,000.00 loan ("Loan") from Countrywide Bank, N.A. ("Countrywide"), which is secured by a Deed of Trust to re-finance his investment property located at 316-316 1/2 Iris Avenue, Newport Beach, CA 92625 ("Property"). RJN, Ex. A. The Deed of Trust identifies Plaintiff as the borrower, Countrywide as the lender, ReconTrust Company, N.A. ("ReconTrust") as trustee, and Mortgage Electronic Registration Systems, Inc. ("MERS") as the beneficiary under the Deed of Trust. *Id.* On the same day, Plaintiff executed a second Deed of Trust and Assignment of Rents with Countrywide in the amount of $230,000. RJN, Ex. B.

On June 22, 2011, an assignment of deed of trust was recorded memorializing MERS's transfer of the beneficial interest in the Property to The Bank of New York Mellon FKA The Bank of New York, as Trustee for the Certificateholders of the CWALT, Inc., Alternative Loan Trust 2006-OA19, Mortgage Pass-Through Certificates, Series 2006-OA19. RJN, Ex. C.

After Plaintiff defaulted on the loan, ReconTrust, as agent for the beneficiary, recorded a Notice of Default ("NOD") on August 5, 2011, listing Plaintiff's arrears as $184,128.46 . RJN, Ex. D. On November 10, 2011, ReconTrust, as duly appointed trustee under the Deed of Trust, recorded a Notice of Trustee's Sale ("NOTS") listing the total unpaid balance of $1,843,641.14. RJN, Ex. E. ReconTrust thereafter recorded a Notice of Rescission of Declaration of Default on December 19, 2013. RJN, Ex. F. On February 27, 2015, National Default Servicing Corporation recorded a Notice of Default listing Plaintiff's total arrears as $624,131.81. RJN, Ex. G. Plaintiff alleges the SPS began servicing his loan on or before August 20, 2013. Compl. ¶ 41.

## III.   LEGAL ARGUMENT

### A.   Applicable Pleading Standard

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  Thus, in resolving a Rule 12(b)(6) motion to dismiss, a court engages in a two-prong inquiry.

First, a court accepts all well-pled allegations as true, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. (citation omitted).  A court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Id*.  (citation omitted).  Nor need a court "accept as true allegations that contradict matters properly subject to judicial notice or by exhibit." *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).

Second, the court determines whether the well-pled factual allegations are sufficient to "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (citation omitted).  "[O]nly a complaint that states a plausible claim for relief survives a motion to dismiss." *Iqbal*, 556 U.S. at 679.  "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id*. (citing FED. R. CIV. P. 8(a)(2)).

### B.   Plaintiff's Complaint Fails Under Rule 8(a)

Federal Rule of Civil Procedure 8(a) "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678.  A complaint cannot simply "le[ave] open the possibility that a plaintiff might later establish some 'set of undisclosed facts' to support recovery." *Twombly*, 550 U.S. at 561.

To avoid dismissal under Rule 8(a), a plaintiff must plead sufficient facts "to provide the 'grounds' of his 'entitle[ment] to relief,' [which] requires more than labels

**Locke Lord LLP**
300 South Grand Avenue, Suite 2600
Los Angeles, CA 90071

1   and conclusions, and [for which] a formulaic recitation of the elements of a cause of

2   action will not do." *Id*. at 555 (citations omitted).  "[A] complaint must contain

3   enough factual matter, accepted as true, to 'state a claim for relief that is plausible on

4   its face.'" *Iqbal*, 556 U.S. at 678 (citations omitted).

5        Rule 8 does not permit the undifferentiated lumping together of defendants.  *See*

6   *Newman v. OneWest Bank*, FSB, 2010 WL 797188, *5 (C.D. Cal. Mar. 5, 2010)

7   ("Plaintiffs' allegations fail to meet the basic pleading requirements of Rule 8(a)

8   because they lump all of the defendants together."); *Aaron v. Aguirre,* No. 06-1451,

9   2007 WL 959083, *16 n.6 (S.D. Cal. Mar. 8, 2007) ("[U]ndifferentiated pleading

10  against multiple defendants is improper."); *Gauvin v. Trombatore*, 682 F.Supp. 1067,

11  1071 (N.D. Cal. 1988) (lumping together multiple defendants fails to satisfy notice

12  requirement of Rule 8(a)).  In all, the "failure to indicate which defendant was

13  allegedly responsible for which wrongful act and to provide well-pleaded factual

14  allegations in support of each cause of action renders [a] [c]omplaint deficient under

15  Rule 8." *See Corazon v. Aurora Loan Services*, No. 11-00542, 2011 WL 1740099, *5

16  (N.D. Cal. 2011).

17       Here, Plaintiff's  HBOR and UCL (the third, fourth, fifth and sixth) causes of

18  action make claims against "Defendants" generally, with no facts indicating how SPS

19  or NDSC, as opposed to BANA, engaged in any unlawful conduct.  Those four claims

20  should be dismissed for this reason alone.  *See id*.; *see also In re Sagent Tech., Inc.*,

21  278 F.Supp.2d 1079, 1094 (N.D. Cal. 2003) ("[T]he complaint fails to state a claim

22  because plaintiffs do not indicate which individual defendant or defendants were

23  responsible for which alleged wrongful act.").

**C.    The Complaint Must Be Dismissed As To NDSC Because Plaintiff
         Does Not Make a Single Factual Allegation Against It**

26       Outside of vaguely alleging that NDSC, along with the other Defendants,

27  "violated Plaintiff's rights under the Property," Plaintiff does not mention NDSC, let

**Locke Lord LLP**
300 South Grand Avenue, Suite 2600
Los Angeles, CA 90071

alone allege any factual allegations regarding NDSC.  See Compl. ¶ 3.  Therefore, because Plaintiff fails to proffer any factual allegations against NDSC that are sufficient to "raise a right to relief above the speculative level," his Complaint does not state a "plausible claim for relief" against NDSC to survive a motion to dismiss. *Twombly*, 550 U.S. at 555; *Iqbal*, 556 U.S. at 679.  The motion to dismiss should be granted in full as to NDSC.

### D.  Plaintiff's First And Second Fraud-Based Causes of Action Fail To State A Claim Against SPS

Plaintiff's first two causes of action attempt to assert claims against SPS for "false promise" and negligent misrepresentation.   Neither claim states the requisite elements necessary to state a cause of action.

#### 1.  Plaintiff's Fraud-Based Claims Are Insufficiently Pled.

Plaintiff's first cause of action for false promise and second cause of action negligent misrepresentation sound in fraud and therefore must be pled with particularity under Federal Rule of Civil Procedure 9(b).  FED. R. CIV. P. 9(b).  The heightened pleading requirements for fraud require a plaintiff to make specific allegations of: (1) misrepresentation of material fact; (2) knowledge of falsity; (3) intent to induce reliance; (4) justifiable reliance; and (5) resulting damage.  *Lazar v. Super. Ct.*, 12 Cal. 4th 631, 638 (1996).  The pleading must contain "facts which show how, when, where, to whom, and by what means the representations were tendered." *Id*. at 645 (internal quotation marks omitted).  "[E]very element of the cause of action for fraud must be alleged in full, factually and specifically,…."  *Wilhelm v. Pray, Price, Williams & Russell*, 186 Cal. App. 3d 1324, 1331 (1986).  The absence of any one of these essential elements will preclude recovery.  *Gonsalves v. Hodgson*, 38 Cal.2d 91, 101 (1958).  "The same elements comprise a cause of action for negligent misrepresentation, except there is not a requirement of intent to induce reliance." *Cadio v. Owens–Illinois, Inc.*, 125 Cal. App. 4th 513, 519 (2004).  Accordingly,

Locke Lord LLP
300 South Grand Avenue, Suite 2600
Los Angeles, CA 90071

California courts have similarly held that "[e]ach element in a cause of action for … negligent misrepresentation must be factually and specifically alleged." *See id., citing Small v. Fritz Companies, Inc.*, 30 Cal.4th 167, 173 (2003).

Furthermore, as to corporate defendants like SPS, Plaintiff must also "allege the names of the persons who made the allegedly fraudulent representations, their authority to speak, to whom they spoke, what they said or wrote, and when it was said or written." *Tarmann v. State Farm Mut. Auto Ins. Co.*, 2 Cal. App. 4th 153, 157 (1991); *accord Hamilton v. Greenwich Investors XXVI, LLC*, 195 Cal. App. 4th 1602, 1615 (2011) (affirming decision to sustain demurrer to fraud claim where plaintiffs did "not say who at [the defendant company] made any statements to them"). As discussed below, Plaintiff has failed to adequately plead each of the five required elements of fraud.

### a. Plaintiff Has Failed to Allege A Misrepresentation As To SPS

While Plaintiff does allege the details of various conversations with individuals from BANA and SPS (see Compl. ¶¶ 22-60), he does not allege any misrepresentation by SPS, who at SPS made that misrepresentation, the individual's authority to make a representation or whether the misrepresentation was made with the intent to defraud. Indeed, Plaintiff's fraud claim is premised on his allegation that SPS promised to review him under the NMSP (see Compl.¶¶ 72-74), but he does not allege that anyone from SPS (as opposed to BANA) actually made him that promise, yet alone when it was made, the authority of the person making it, or their intent when they made it. Furthermore, his claim that he was "promised" an NMSP review by SPS is contradicted by his allegations that SPS said it would "look into the program for Plaintiff" (*id.* ¶ 72), "look further into [BANA]'s representation that Plaintiff qualified for the [NMSP]" (*id.* ¶ 73), "review the circumstances of the promises [BANA] made to Plaintiff" (*id.* ¶ 74), and "review and look into Plaintiff's prequalification and

**Locke Lord LLP**
300 South Grand Avenue, Suite 2600
Los Angeles, CA 90071

request under the [NMSP]." *Id.* ¶ 88.  Because Plaintiff does not and cannot allege

with the requisite particularity that SPS, as opposed to BANA, made a

misrepresentation to him, his fraud-based claims fail.

### b.  Plaintiff Fails to Allege Facts Evidencing Defendants' Knowledge Of Any False Statements

Similar to the foregoing, Plaintiff fails to plead any ***facts*** alleging that SPS

***knowingly*** made any false statements to Plaintiff.  While Plaintiff claims that SPS

"had no intention to review Plaintiff under the NMSP," this conclusory statement is

not sufficient to establish the element of knowledge for a fraud claim. Compl. ¶ 73.

Thus, Plaintiff has failed to fully, factually and specifically establish the

required knowledge element of his fraud claims.

### c.  Plaintiff Fails To Allege Facts Evidencing SPS's Intent To Defraud Or Induce Reliance

Plaintiff's Complaint does not allege any facts evidencing SPS's intent to

deceive and/or defraud Plaintiff.  Rather, Plaintiff concludes (with no factual support)

that "SPS intended on Plaintiff to rely on this promise to review Plaintiff under the

[NMSP] and to review the circumstances of the promises [BANA] made to Plaintiff."

Compl. ¶ 74.  However, Plaintiff pleads no facts to establish an actual intent to

defraud by SPS.  Accordingly, Plaintiff has failed to fully, factually and specifically

establish the required intent to defraud or induce element of his fraud claims.

### d.  Plaintiff Has Failed To Allege Facts To Establish Justifiable Reliance

Moreover, Plaintiff cannot allege justifiable reliance on SPS's purported

misrepresentation.  Justifiable reliance is required to establish a complete causal

relationship in a fraud claim. *See Engalla v. Permanente Medical Group, Inc.*, 15 Cal.

4th 951, 976 (1997). Actual reliance occurs when a misrepresentation is an immediate

cause of [a plaintiff's] conduct, which alters his legal relations, and when, absent such

representation, the plaintiff would not, in all reasonable probability, have entered into

**Locke Lord LLP**
300 South Grand Avenue, Suite 2600
Los Angeles, CA 90071

1   the contract or other transaction." *Id.* at 976. Moreover, reliance must be reasonable.

2   *Dore v. Arnold Worldwide, Inc.*, 39 Cal. 4th 384, 393 (2006). Here, Plaintiff alleges

3   that he relied on SPS's purported promise to review him under the NMSP (which, as

4   set forth above, he does allege was actually made) and was induced "not to file an

5   action prior to the expiration of the NMSP."  Compl. ¶ 75.  He then claims that his

6   reliance caused him harm because "he lost an opportunity to obtain the possibility of

7   reducing the principal of his mortgage thought (sic) the [NMSP]." *Id.* at ¶ 78.

8        Plaintiff fails to allege justifiable reliance for several reasons.  First, Plaintiff

9   concedes that he did not know that the NMSP program was set to expire until SPS

10  told him on March 11, 2015, well after the program actually expired.  Compl. ¶ 57-58.

11  Therefore, Plaintiff's allegation that he would have sued SPS prior to the expiration of

12  the program fails – he didn't even know when the NMSP expired in the first place.

13  Second, Plaintiff's allegations of reliance or impermissibly conclusory and

14  speculative.  SPS is not a signatory to the NMSP, and even if it was, SPS ultimately

15  has no statutory duty under California law to modify the terms of Plaintiff's loan.  *See*

16  *Nastrom v. JPMorgan Chase Bank, N.A.*, No. 11-01998, 2012 WL 5522795, *6 (E.D.

17  Cal. Nov. 14, 2012) ("In California, lenders do not have a statutory duty to agree to a

18  mortgage loan modification.") citing *Hamilton*, 195 Cal. App. 4th at 1617; *accord*

19  *Mabry v. Superior Cour*t, 185 Cal. App. 4th 208, 222-23 & n.9 (2010); *accord*

20  *Intengan v. BAC Home Loans Servicing LP*, 214 Cal. App. 4th 1047, 1056 (2013).

21  Thus, even if SPS had found that Plaintiff eligible for a loan modification under the

22  NMSP or any other loan modification program, it had no duty to actually provide him

23  a loan modification.  And there is nothing to suggest that Plaintiff's loan modification

24  application should have or would have been approved.  *See Adams v. PNC Bank, N.A*.,

25  No. 5:14-cv-04330-PSG, 2014 WL 7388124, *4 (N.D. Cal. Dec. 29, 2014) ("there is

26  no indication of the likelihood that such an application would have been granted").

27  Finally, Plaintiff cannot allege reliance because he did not materially change his

28

Locke Lord LLP
300 South Grand Avenue, Suite 2600
Los Angeles, CA 90071

8

**Locke Lord LLP**
300 South Grand Avenue, Suite 2600
Los Angeles, CA 90071

1  position in any way in reliance on SPS's purported promise.  Plaintiff remained

2  obligated under the terms of his loan throughout his modification reviews with BANA

3  and SPS and remains obligated to this day.   Yet he remains in default on his loan.

4  That default and failure to seek additional measures to bring his loan current cannot be

5  "reasonably justified" by his request to be reviewed for an NMSP loan modification.

6  *Khan v. CitiMortgage, Inc.*, 975 F.Supp.2d 1127, 1141 (E.D. Cal. Sept 30, 2013)

7  (dismissing fraud claim against lender as plaintiff's alleged reliance on a potential

8  loan modification was not justified because plaintiff remained obligated under the

9  terms of her note and deed of trust).

10  Accordingly, Plaintiff has failed to fully, factually and specifically establish the

11  required reliance element of his fraud claims.

12  **e.  Plaintiff Fails To Allege That He Was Damaged By SPS's Conduct**

14  Similarly, Plaintiff has also failed to allege any actual damages.  In California, a

15  plaintiff must generally suffer actual monetary loss, or "out-of-pocket" losses, to

16  recover on a fraud claim.  CAL. CIV. CODE § 1709; *Alliance Mortg. Co. v. Rothwell*, 10

17  Cal.4th 1226, 1240 (1995) (holding that the plaintiff did allege out-of-pocket damages

18  because of allegation that it paid more for certain properties than they were worth).  A

19  deception without a hard-dollar loss is not actionable fraud.  *Stephenson v. Argonaut*

20  *Ins. Co*., 125 Cal. App. 4th 962, 974-75 (2004) (upholding trial court's decision to

21  sustain demurrer without leave to amend due to complaint alleging no compensable

22  loss).

23  Here, Plaintiff alleges his damages to be the denial of "an opportunity to obtain

24  relief under the NMSP program."  Compl. ¶ 77.  This is not a hard dollar loss, nor is it

25  even remotely certain.  CAL. CIV. CODE § 3283 ("Damages may be awarded . . . for

26  detriment . . . certain to result in the future.).  Here, Plaintiff does not and cannot

27  allege that had he been considered under the NMSP, he would have received a loan

28

modification.  *Nastrom*, 2012 WL 5522795, *6 (lenders do not have a statutory duty to agree to a mortgage loan modification); *Adams*, 2014 WL 7388124, *4 ("there is no indication of the likelihood that such an application would have been granted").  Moreover, the Property has not been sold at a foreclosure sale and Plaintiff is still on title (and presumably, collecting rent payments).  Thus, Plaintiff has not and cannot allege an "out-of-pocket" loss necessary to maintain a fraud claim.

And to the extent that Plaintiff claims that he was damaged by the time and effort spent on applying for a loan modification, his claim fails.  The "[t]ime and effort spent assembling materials for an application to modify a loan is the sort of nominal damage subject to the maxim *de minimus non curat lux*—i.e., the law does not concern itself with trifles."  *Lueras v. BAC Home Loans Servicing, LP*, 221 Cal. App. 4th 49, 79 (2013).  Thus, Plaintiff has failed to fully, factually and specifically establish the required damages element of his fraud claims.

For all of the above reasons, Plaintiff's first and second causes of action for false promise and negligent misrepresentation should be dismissed.

### E.   Plaintiff Cannot State An HBOR Claim Against SPS or NDSC Because The Property Is Not Owner-Occupied and He Concedes That He Never Submitted a Complete Loan Modification Application

Plaintiff's third, fourth, and fifth causes of action allege HBOR violations against SPS and NDSC for violations of California Civil Code sections 2923.6, 2924.10, and 2924.18. Compl. ¶¶ 95-106.  Plaintiff claims that "Defendants" violated Civil Code section 2923.6 by "fail[ing] to provide written notice identifying the reasons Plaintiff was denied a first lien loan modification…for the loan application submitted on June 30, 2014." Compl. ¶ 96, 98. He likewise claims that "Defendants" violated Civil Code section 2924.10 when they "did not provide Plaintiff with a written acknowledgement of receipt of Plaintiff's loan modification."  Compl. ¶102. Finally, Plaintiff alleges a violation of Civil Code section 2924.18 by alleging that

Locke Lord LLP
300 South Grand Avenue, Suite 2600
Los Angeles, CA 90071

Plaintiff submitted loan modification applications on March 23, 2013 and June 7, 2013 and that "Defendants" "did not provide a written determination on the denial of the application." Compl. ¶105.

Plaintiff's three HBOR causes of action fail as to SPS for two threshold reasons: 1) he does not and cannot allege that the Property is owner-occupied; and 2) he concedes that he never provided SPS a complete application.

### 1.   Plaintiff Does Not Allege that the Property Is Owner-Occupied

Section 2924.15 of the HBOR expressly provides that "Sections 2923.5, 2923.55, 2923.6, 2923.7, 2924.9, 2924.10, 2924.11, and 2924.18 shall apply only to first lien mortgages or deeds of trust that are secured by owner-occupied residential real property containing no more than four dwelling units.  For these purposes, 'owner-occupied' means that the property is the principal residence of the borrower …" CAL. CIV. CODE § 2924.15.

Here, Plaintiff alleges only that he is a resident of the County of Orange, State of California and that he is the "lawful owner" of the Property.  Compl. ¶ 1.  He does not allege that the Property is owner-occupied or that it is his principal residence. Therefore, he cannot state a claim under HBOR and his third, fourth, and fifth causes of action must fail.  *See Banuelos v. Nationstar Mortgage, LLC*, No. 13 -05308, 2014 WL 1246843, (N.D. Cal. Mar. 25, 2014) (dismissing claim under the HBOR where plaintiff had not alleged facts showing that "the property was 'owner-occupied' within the meaning of the statute") (citing CAL. CIV. CODE § 2924.15).

### 2.   Plaintiff Concedes That He Never Submitted a Complete Loan Modification Application to SPS

Plaintiff's HBOR claims additionally fail because the allegations in the Complaint make clear that he never sent a complete application to SPS.  Section 2923.6(c) provides, "[i]f a borrower submits a ***complete*** application for a first lien loan modification offered by, or through, the borrower's mortgage servicer, a

Locke Lord LLP
300 South Grand Avenue, Suite 2600
Los Angeles, CA 90071

mortgage servicer…shall not record a notice of default or notice of sale, or conduct a trustee's sale, while the complete first lien loan modification application is pending." CAL. CIV. CODE § 2923.6(c) (emphasis added). "An application shall be deemed 'complete' when a borrower has supplied the mortgage servicer with all documents *required by the mortgage servicer* within the reasonable timeframes specified by the mortgage servicer." CAL. CIV. CODE § 2923.6(h) (emphasis added). Likewise, Section 2924.10 requires that a servicer to provide a "written acknowledgement" after receipt of a *complete* first lien modification application, while Civil Code Section 2924.18 requires a "written determination" of a Borrower's *complete* application before recording any foreclosure notices. See CAL. CIV. CODE § 2924.10; § 2924.18 (emphasis added).

Here, Plaintiff makes the conclusory assertion that he "submitted completed loan modification applications on or about March 23, 2013, June 7, 2013 and an updated…application on June 24, 2013." Compl. ¶ 105. However, he contradicts that allegation by conceding that on July 30, 2013, BANA requested additional documentation to complete his pending application. *Id.* at ¶ 39. There is no allegation that he ever sent that additional documentation, either to BANA or SPS. His pending application was therefore closed by SPS on September 27, 2013. *Id.* at ¶ 43.

Plaintiff's subsequent application to SPS was likewise never complete. Plaintiff alleges to have sent in a new application to SPS on December 23, 2013. *Id.* at ¶ 46. SPS communicated that his application was not complete on May 13, 2014, requesting "several documents . . . [that] needed to be provided for consideration." *Id.* at ¶ 48. However, Plaintiff unilaterally determined that he had, in fact, submitted all documents required under the NMSP and that the additional documents were for SPS's in-house program. *Id.* He therefore again provided only the "documents required under the NMSP" – according to him – to SPS on June 5, 2014. *Id.* at ¶ 49.

Locke Lord LLP
300 South Grand Avenue, Suite 2600
Los Angeles, CA 90071

NOTICE OF MOTION AND MOTION TO DISMISS THE COMPLAINT
*Okada v. Bank of America, N.A., et al.*, Case No. 8:15-cv-00981

Glaringly absent is any allegation that Plaintiff sent in the documents that were *requested by SPS* in its May 13, 2014 letter.

As set forth above, an application is "complete" when a borrower has supplied the mortgage servicer with "*all documents*" that are "*required by the mortgage servicer*." CAL. CIV. CODE § 2923.6(h). Here, SPS required the documents outlined in its May 13, 2014 letter, which Plaintiff unilaterally decided that he did not need to provide. Therefore, Plaintiff has not and cannot allege that he ever submitted a complete loan modification application to SPS and his HBOR claims fail.

### F. Plaintiff Fails to State a Business and Professions Code § 17200 Claim

Plaintiff's sixth cause of action for a violation of the California Business and Professions Code § 17200 ("UCL") is based upon the same alleged acts that – as discussed above – do not constitute a cause of action against SPS or NDSC. He then asserts, for the first time, a hodgepodge of new, conclusory allegations of wrongdoing that appear to merely to track the statutory language of various HBOR violations. Specifically, Plaintiff alleges that "Defendants" violated the UCL by "falsely indicat[ing] Plaintiff would be reviewed under the [NMS]," "failing to acknowledge receipt of Plaintiff's loan modification documents," "recording false notices," "ignoring Plaintiff's inquiries," "misleading Plaintiff into believing that Defendants would not file a foreclosure proceeding" and engaging in "dual tracking." Compl. ¶ 108. Plaintiff seeks "attorney's fees, costs, and expenses incurred in the filing and prosecuting of this action." Compl. ¶ 116. However, to state a claim under the UCL, Plaintiff must allege that SPS or NDSC engaged in an "unlawful, unfair or fraudulent business act or practice" which caused him to suffer "injury in fact" and "lost money or property." *See* CAL. BUS. & PROF. CODE § 17204; *Bernardo v. Planned Parenthood Fed. of America*, 115 Cal. App. 4th 322 (2004). In doing so, he "must state with reasonable particularity the *facts* supporting the statutory elements of the

violation." *Khoury v. Maly's of Cal., Inc.*, 14 Cal. App. 4th 612, 619 (1993)(emphasis added).

He fails to do so here.  As a preliminary matter, Plaintiff impermissibly lumps the defendants together, in violation of Rule 8.  *Newman*, 2010 WL 797188, *5. Moreover, Plaintiff's new claims of impropriety fail outright because Plaintiff pleads no facts whatsoever  in support of those claims, let alone with the requisite "reasonable particularity."  See *Khoury*, 14 Cal. App. 4th at 619.

To the extent Plaintiff's UCL claim is brought under the "unlawful" prong of the UCL, it fails because the claim is derivative of his failed fraud-based, HBOR, or otherwise insufficiently pled violations.  Plaintiff also fails to properly allege the violation of any other law.  *See Krantz v. BT Visual Images*, LLC, 89 Cal. App. 4th 164, 178 (2001) ("unlawful" prong requires underlying violation of law); *Pantoja v. Countrywide Home Loans, Inc.*, 640 F. Supp. 2d 1177, 1190-91  (N.D. Cal. 2009) ("[S]ince the Court has dismissed all of the Plaintiff's predicate violations, Plaintiff cannot state a claim under the unlawful business practice prong of the UCL.").

And to whatever extent Plaintiff attempts to bring claims under the UCL's "unfair" or "fraudulent" prong, his UCL claim is inadequately pled.  An "unfair" practice must be "tethered" to specific "constitutional, statutory, or regulatory provisions."  *Scripps Clinic v. Superior Court,* 108 Cal. App. 4th 917, 940 (2003). Because Plaintiff fails to plead, with particularity, that either SPS or NDSC engaged in such "unfair" practices relating to the allegations against him in his Complaint, he fails to state a claim under the "unfair" prong.  *See Khoury*, 14 Cal. App. 4th at 619 (UCL claims must be pled with particularity); *Simila v. American Sterling Bank*, No. 09–CV–781, 2010 WL 3988171, *6 (S.D. Cal. Oct. 12, 2010) (dismissing UCL claim because "Plaintiffs have not sufficiently 'tethered' their allegations of unfair competition to any underlying law").

**Locke Lord LLP**
300 South Grand Avenue, Suite 2600
Los Angeles, CA 90071

1      Further, "to state a claim under the UCL based on fraudulent conduct,

2   [Plaintiff] must allege, with particularity, facts sufficient to establish that the public

3   would likely be deceived by [SPS or NDSC's] conduct." *Perez v. Wells Fargo Bank*,

4   N.A., No. C–11–02279 JCS, 2011 WL 3809808, *16 (N.D. Cal. Aug, 29, 2011).  He

5   has not done so here.  Thus, he fails to state a claim under the "fraudulent" prong.  *See*

6   *id*. at *16 (dismissing UCL claim explaining that "Plaintiffs have not met this standard

7   because they have not identified specific deceptive statements or omissions … or

8   alleged facts showing why those specific statements or omissions would be likely to

9   deceive the public."); *Khoury*, 14 Cal. App. 4th at 619 (UCL claim lacked requisite

10  particularity where plaintiff did not explain the manner by which the defendant

11  allegedly mislead the plaintiff's customers).

12      Moreover, Plaintiff lacks standing to bring a UCL claim against SPS or NDSC

13  in the first place.  "To bring a claim under the UCL, … [a plaintiff] must have

14  suffered an injury in fact and lost money or property as a result of [the] alleged unfair

15  or fraudulent practices." *DeLeon v. Wells Fargo Bank, N.A.*, No. 10-CV-01390-LHK,

16  2011 WL 311376, *7 (N.D. Cal. Jan 28, 2011). (citing CAL. BUS. & PROF. CODE §

17  17204). "That causal connection is broken when a complaining party would suffer the

18  same harm whether or not a defendant complied with the law." *Daro v. Superior*

19  *Court*, 151 Cal. App. 4th 1079, 1099 (2007).  Here, Plaintiff does not plead any facts

20  whatsoever to suggest that the conduct of SPS or NDSC caused him to lose money or

21  property.  His claim fails for this additional reason.

22      Finally, Courts have made clear that the UCL cannot be used as an end-run

23  around the requirements of other statutes. *Glenn K. Jackson Inc. v. Roe*, 273 F.3d

24  1192, 1203 (9th Cir. 2001) (dismissing UCL claim where underlying negligence and

25  fraud claims were insufficient as a matter of law); *see also Krantz v. BT Visual*

26  *Images*, *L.L.C.*, 89 Cal. App. 4th 164, 178 (2001) (the viability of a UCL claim stands

27  or falls with the antecedent substantive causes of action.").  "A court may not allow

28

**Locke Lord LLP**
300 South Grand Avenue, Suite 2600
Los Angeles, CA 90071

NOTICE OF MOTION AND MOTION TO DISMISS THE COMPLAINT
*Okada v. Bank of America, N.A., et al.*, Case No. 8:15-cv-00981

plaintiff to plead around an absolute bar to relief simply by recasting the cause of action as one for unfair competition." *Chabner v. United of Omaha Life Ins. Co.*, 225 F.3d 1042, 1048 (9th Cir. 2000). Plaintiff predicates his UCL claim on the same allegations which fail to state a fraud, negligent misrepresentation, or HBOR claim, as well as a host of new claims with no factual predicate. As all of his other claims fail, so too does his UCL claim.

## IV.   CONCLUSION

Based on the foregoing and because he cannot amend to cure the defects, Plaintiff's complaint should be dismissed without leave to amend.

DATED: July 24, 2015                          LOCKE LORD LLP


By:      */s/ Jonathan S. Lieberman*
         Conrad V. Sison
         Jonathan S. Lieberman
         Attorneys for Defendants
         SELECT PORTFOLIO SERVICING, INC.
         and NATIONAL DEFAULT SERVICING
         CORPORATION

**Locke Lord LLP**
300 South Grand Avenue, Suite 2600
Los Angeles, CA 90071