**LOCKE LORD LLP**
Conrad V. Sison, 217197
csison@lockelord.com
300 South Grand Avenue, Suite 2600
Los Angeles, CA 90071
Telephone: 213-485-1500

Jonathan S. Lieberman, 278058
jlieberman@lockelord.com
44 Montgomery Street, Suite 4100
San Francisco, CA 94104
Telephone: (415) 318-8810
Fax: (415) 676-5816

Attorneys for Defendants
SELECT PORTFOLIO SERVICING, INC. (erroneously sued as "Select Portfolio Servicing") and NATIONAL DEFAULT SERVICING CORPORATION

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

DONALD OKADA, an individual

Plaintiff,

vs.

BANK OF AMERICA, N.A.; SELECT PORTFOLIO SERVICING; NATIONAL DEFAULT SERVICING CORPORATION AND; DOES 1-50;

Defendants.

CASE NO. 8:15-cv-00981

**SELECT PORTFOLIO SERVICING, INC. AND NATIONAL DEFAULT SERVICING CORPORATION'S REPLY IN SUPPORT OF MOTION TO DISMISS THE COMPLAINT**

Date: September 21, 2015
Time: 1:30 p.m.
Place: Courtroom 9B

Complaint Filed: May 11, 2015

**Locke Lord LLP**
300 South Grand Avenue, Suite 2600
Los Angeles, CA 90071

Locke Lord LLP
300 South Grand Avenue, Suite 2600
Los Angeles, CA 90071

## TABLE OF CONTENTS

I. INTRODUCTION ........ 6
II. ARGUMENT ........ 7
A. Plaintiff Does Not Dispute That His Third, Fourth, Fifth, And Sixth Causes Of Action Against "Defendants" Fail Under Rule 8(a) ........ 7
B. Plaintiff Concedes That He Does Not Make A Single Factual Allegation Against NDSC, And Thus The Complaint Must Be Dismissed As To NDSC In Its Entirety ........ 7
C. Plaintiff's First And Second Fraud-Based Causes Of Action Fail To State A Claim Against Sps ........ 8
1. Plaintiff's Fraud-Based Claims Fail To Allege Every Element Of A Claim, And Must Be Dismissed ........ 8
a. Plaintiff Has Failed To Allege A Misrepresentation As To SPS ........ 8
b. Plaintiff Fails To Allege Facts Evidencing Defendants' Knowledge Of Any False Statements ........ 10
c. Plaintiff Fails To Allege Facts Evidencing SPS's Intent To Defraud Or Induce Reliance ........ 11
d. Plaintiff Has Failed To Allege Facts To Establish Justifiable Reliance ........ 11
e. Plaintiff's Purported "Lost Opportunity" Does Not Satisfy The Damages Requirement To Plead A Fraud Claim ........ 12
D. Plaintiff's HBOR Causes Of Action All Fail Because Plaintiff Does Not Allege That The Property Is Owner-Occupied Or That He Ever Submitted A Complete Loan Modification Application ........ 15
1. Plaintiff's HBOR Claims Must Be Dismissed Because The Complaint Does Not Allege That The Property Is Owner-Occupied ........ 15

2. The Complaint Must Be Dismissed Because Plaintiff Does Not And Cannot Allege That He Submitted A Submit A Complete Loan Modification Application ........ 15

E. Plaintiff Fails To State A Business And Professions Code § 17200 ("UCL") Claim........ 16

1. Plaintiff Has Not Alleged Actionable Conduct To State A UCL Claim........ 16

2. Plaintiff Lacks Standing To Bring A Claim Under The UCL........ 17

III. CONCLUSION ........ 18

Locke Lord LLP
300 South Grand Avenue, Suite 2600
Los Angeles, CA 90071

3
REPLY IN SUPPORT OF MOTION TO DISMISS THE COMPLAINT
*Okada v. Bank of America, N.A., et al.*, Case No. 8:15-cv-00981

# TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*Aaron v. Aguirre*,
No. 06-1451, 2007 WL 959083 (S.D. Cal. Mar. 8, 2007) ....................................8

*Adams v. PNC Bank, N.A.*,
No. 5:14-cv-04330-PSG, 2014 WL 7388124 (N.D. Cal. Dec. 29, 2014)..........15

*Alliance Mortgage Co. v. Rothwell*,
10 Cal.4th 1226 (1995)..........................................................................13

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009)..............................................................................8

*Bell Atlantic Corp. v. Twombly*,
550 U.S. 544 (2007)..............................................................................8

*Bowman v. Wells Fargo Home Mortgage*,
No. 13-CV-05850-MEJ, 2014 WL 1921829 (N.D. Cal. May 13, 2014) ...........14

*City Solutions, Inc. v. Clear Channel Communications, Inc.*,
242 F.Supp.2d 720 (N.D. Cal. 2003), *aff'd in part & rev'd in part*, 365 F.3d 835 (9th Cir. 2004) ..........................................................................13

*Daro v. Superior Court*,
151 Cal. App. 4th 1079 (2007)...............................................................18

*DeLeon v. Wells Fargo Bank, N.A.*,
No. 10-CV-01390-LHK, 2011 WL 311376 (N.D. Cal. Jan 28, 2011)...............18

*In re First Alliance Mortgage Co.*,
471 F.3d 977 (9th Cir. 2006)..................................................................13

*Gonsalves v. Hodgson*,
38 Cal.2d 91 (1958)...............................................................................9

*Hamilton v. Greenwich Investors XXVI, LLC*,
195 Cal. App. 4th 1602 (2011)...............................................................15

*Intengan v. BAC Home Loans Servicing LP*,
214 Cal. App. 4th 1047 (2013)...............................................................15

Locke Lord LLP
300 South Grand Avenue, Suite 2600
Los Angeles, CA 90071

*Khan v. CitiMortgage, Inc.*,
975 F.Supp.2d 1127 (E.D. Cal. Sept 30, 2013) ........................................ 12

*Lazar v. Super. Ct.*,
12 Cal. 4th 631 (1996) ........................................ 9

*Mabry v. Superior Court*,
185 Cal. App. 4th 208 (2010) ........................................ 15

*Matias v. Countrywide Home Loans, Inc.*,
No. 08-01808, 2009 WL 250927 (C.D. Cal. Jan. 29, 2009) ........................................ 8

*Nastrom v. JPMorgan Chase Bank, N.A.*,
No. 11-01998, 2012 WL 5522795 (E.D. Cal. Nov. 14, 2012) ........................................ 15

*Newman v. OneWest Bank, FSB*
No. EDCV 10-0064 AHM (DTBx), 2010 WL 797188 (C.D. Cal. Mar. 5, 2010) ........................................ 7, 17

*Segura v. Wells Fargo Bank, N.A.*,
No. CV-14-04195-MWF AJWX, 2014 WL 4798890 (C.D. Cal. Sept. 26, 2014) ........................................ 18

*Stephenson v. Argonaut Ins. Co.*,
125 Cal. App. 4th 962 (2004) ........................................ 13

*Wilhelm v. Pray, Price, Williams & Russell*,
186 Cal. App. 3d 1324 (1986) ........................................ 9

**STATUTES**

CAL. BUS. AND PROF. CODE § 17200 ........................................ 7, 8, 17, 18

CAL. CIV. CODE § 2923.6 ........................................ 16, 17

CAL. CIV. CODE § 2924.10 ........................................ 16, 17

CAL. CIV. CODE § 2924.15 ........................................ 16

CAL. CIV. CODE § 2924.15 ........................................ 16, 17

CAL. CIV. CODE § 3283 ........................................ 14

Locke Lord LLP
300 South Grand Avenue, Suite 2600
Los Angeles, CA 90071

## REPLY IN SUPPORT OF MOTION TO DISMISS

Defendants Select Portfolio Servicing, Inc. ("SPS") and National Default Servicing Corporation ("NDSC")(collectively, "Defendants") hereby submit this reply in support of their motion to dismiss the Complaint filed by Plaintiff Donald Okada ("Plaintiff").

## I. INTRODUCTION

Plaintiff's opposition does nothing to remedy the threshold defects in his Complaint. At the outset, Plaintiff concedes the Complaint fails in its entirety as to NDSC because Plaintiff makes no factual allegations against it. Plaintiff also does not oppose, and therefore concedes, that the third, fourth, fifth and sixth causes of action fail under Rule 8 because Plaintiff impermissibly lumps "Defendants" together without putting the Defendants on notice of the claims being asserted against them.

In addition, the opposition cannot remedy the fact that each of Plaintiff's six causes of action is inadequately pled. Plaintiff's arguments on his fraud-based claims fall flat because Plaintiff cannot point to a single allegation constituting a false promise or misrepresentation by SPS, or that he relied on any promise or statement. Plaintiff also cannot allege that he suffered any ascertainable damages. The opposition also fails to save Plaintiff's Homeowner's Bill of Rights ("HBOR") claims because even reading the Complaint liberally, Plaintiff never alleged that the Property is owner-occupied. Nor does the opposition dispute that Plaintiff never submitted the documents required by SPS to constitute complete loan modification application. Finally, as Plaintiff's UCL claim is derivative of his other failed claims against SPS and NDSC and Plaintiff cannot allege any lost money or property, that claim must also be dismissed. For all of these reasons, discussed in detail below, the Court should grant Defendants' motion to dismiss without leave to amend.

Locke Lord LLP
300 South Grand Avenue, Suite 2600
Los Angeles, CA 90071

## II. ARGUMENT

### A. Plaintiff Does Not Dispute That His Third, Fourth, Fifth, And Sixth Causes Of Action Against "Defendants" Fail Under Rule 8(a)

As set forth in Defendants' motion to dismiss, Rule 8 does not permit the undifferentiated lumping together of defendants. *See Newman v. OneWest Bank*, FSB, 2010 WL 797188, *5 (C.D. Cal. Mar. 5, 2010) ("Plaintiffs' allegations fail to meet the basic pleading requirements of Rule 8(a) because they lump all of the defendants together."); *Aaron v. Aguirre*, No. 06-1451, 2007 WL 959083, *16 n.6 (S.D. Cal. Mar. 8, 2007) ("[U]ndifferentiated pleading against multiple defendants is improper.").

Here, Plaintiff's HBOR and UCL claims – the third, fourth, fifth and sixth causes of action – fail because they only allege wrongdoing against "Defendants" generally, with no facts indicating how SPS, NDSC, or Bank of America, N.A. ("BANA") engaged in any unlawful conduct. Plaintiff does not address this in his opposition, and therefore concedes its merit. *See e.g. Matias v. Countrywide Home Loans, Inc.*, No. 08-01808, 2009 WL 250927, *1 (C.D. Cal. Jan. 29, 2009) ("Plaintiff's failure to file an opposition to defendant's motion to dismiss is deemed by this Court as plaintiff's consent to the granting of the same."). The Court should grant Defendants' motion to dismiss the third, fourth, fifth and sixth causes of action for this reason alone.

### B. Plaintiff Concedes That He Does Not Make A Single Factual Allegation Against NDSC, And Thus The Complaint Must Be Dismissed As To NDSC In Its Entirety

Plaintiff concedes that his only mention of NDSC is the vague allegation contained in paragraph 3 of the Complaint, where he claims that NDSC is the agent of SPS and that it, along with the other Defendants, "violated Plaintiff's rights under the Property." Opp., p. 13:1-11; Compl. ¶ 3. Therefore, because Plaintiff fails to proffer any factual allegations against NDSC that are sufficient to "raise a right to relief above the speculative level," his Complaint does not state a "plausible claim for relief"

Locke Lord LLP
300 South Grand Avenue, Suite 2600
Los Angeles, CA 90071

against NDSC to survive a motion to dismiss. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). The motion to dismiss should be granted in full as to NDSC.

### C. Plaintiff's First And Second Fraud-Based Causes Of Action Fail To State A Claim Against Sps

#### 1. Plaintiff's Fraud-Based Claims Fail To Allege Every Element Of A Claim, And Must Be Dismissed

To state a fraud claim, Plaintiff must make specific allegations of: (1) misrepresentation of material fact; (2) knowledge of falsity; (3) intent to induce reliance; (4) justifiable reliance; and (5) resulting damage. *Lazar v. Super. Ct.*, 12 Cal. 4th 631, 638 (1996). The pleading must contain "facts which show how, when, where, to whom, and by what means the representations were tendered." *Lazar v. Super. Ct.*, 12 Cal. 4th 631, 645 (1996) (internal quotation marks omitted). "[E]very element of the cause of action for fraud must be alleged in full, factually and specifically,…." *Wilhelm v. Pray, Price, Williams & Russell*, 186 Cal. App. 3d 1324, 1331 (1986). The absence of any one of these essential elements will preclude recovery. *Gonsalves v. Hodgson*, 38 Cal.2d 91, 101 (1958). California courts have similarly held that "[e]ach element in a cause of action for … negligent misrepresentation must be factually and specifically alleged." *See id., citing Small v. Fritz Companies, Inc.*, 30 Cal.4th 167, 173 (2003).

##### a. Plaintiff Has Failed To Allege A Misrepresentation As To SPS

The opposition claims that SPS' misrepresentation came in the form of "its willingness to review Okada's loan under the NMSP" – relying on paragraphs 44, 49, and 53 of the Complaint. Opp., p. 7:9-20. But neither those paragraphs, nor any other paragraph in the Complaint, allege that SPS made any promise to Plaintiff or expressed a "willingness" to review his loan modification application under the NMSP. Paragraph 44 alleges that an SPS representative told Plaintiff that his

Locke Lord LLP
300 South Grand Avenue, Suite 2600
Los Angeles, CA 90071

application was under review in October 2013, shortly after the loan was service-transferred from BANA to SPS. Compl. ¶ 44. But the previous paragraph concedes that his purported NMSP application originally submitted to BANA was closed by SPS weeks earlier. *Id.* at ¶ 43. And Plaintiff later concedes that SPS told him point blank in February 2014 that his new application was in fact not submitted under the NMSP and not being reviewed under the NMSP – despite the fact that it was being reviewed for other loan modification products that SPS determined him eligible for. *Id.* at ¶¶ 47-48.

Paragraph 49 contains no representation by SPS at all – it only alleges that Plaintiff "submitted all documents as required under the NMSP" (according to Plaintiff). *Id.* at ¶ 49.

Paragraph 53 details an October 2014 conversation where an SPS representative told him that the matter was "in dispute" and that she would "look further into the NMSP" application. *Id.* at ¶ 53. That is hardly a concrete promise or "willingness" to review Plaintiff for a loan modification under the NMSP. And that conversation was not the only time that Plaintiff and SPS communicated regarding the NMSP without SPS promising or committing to review Plaintiff under that program. Indeed, during the course of Plaintiff's loss mitigation efforts, SPS at various times told Plaintiff it would "look into the program for Plaintiff" (*id.* ¶ 72), "look further into [BANA]'s representation that Plaintiff qualified for the [NMSP]" (*id.* ¶ 73), "review the circumstances of the promises [BANA] made to Plaintiff" (*id.* ¶ 74), and "review and look into Plaintiff's prequalification and request under the [NMSP]." *Id.* ¶ 88. But no promise was ever made, nor any "willingness" ever expressed.

Nor did SPS ever make any promise to delay or refrain from moving forward with foreclosure proceedings authorized by Plaintiff's deed of trust. While Plaintiff does not argue or allege that SPS made any misrepresentation regarding his foreclosure, he claims that SPS failed to inform Plaintiff of its "intent" to foreclose

Locke Lord LLP
300 South Grand Avenue, Suite 2600
Los Angeles, CA 90071

despite the fact that he had failed to make his monthly mortgage payments for several years. See Opp., p. 8:17-23.

This argument fails for several reasons. First, Plaintiff does not and cannot articulate how SPS's foreclosure activities prevented him from being reviewed for a loan modification by SPS. Moreover, Plaintiff can only state a fraud claim based on SPS's failure to communicate its "intent" to foreclose if SPS had a duty to disclose in the first place. *625 3rd St. Associates, L.P. v. Alliant Credit Union*, 633 F. Supp. 2d 1040, 1050 (N.D. Cal. 2009) ("Fraud or deceit may consist of the suppression of a fact by one who is bound to disclose it …."). *See also Hahn v. Mirda,* 147 Cal. App. 4th 740, 745 (2007) (citing *Marketing West, Inc. v. Sanyo Fisher (USA) Corp*., 6 Cal. App. 4th 603, 613 (1992)); Cal. Civ. Code § 1710(3) (defining deceit as "suppression of a fact, by one who is bound to disclose it"). Here, SPS's obligations to Plaintiff regarding foreclosure are defined by the deed of trust and California Civil Code, neither of which Plaintiff alleges that SPS violated. Therefore, SPS had no duty to go above and beyond those obligations of disclosure to Plaintiff.

In sum, while Plaintiff alleges the details of various conversations with individuals from BANA and SPS, he does not allege that anyone from SPS ever promised or expressed a "willingness" to review him for the NMSP, let alone the particular details of that promise as required under Rule 9. Nor does the Complaint allege that anyone from SPS made any representation regarding the foreclosure that was inaccurate. Because Plaintiff does not and cannot allege with the requisite particularity that SPS promised to review him under the NMSP, or that it made any other misrepresentation, his fraud-based claims fail.

**b. Plaintiff Fails To Allege Facts Evidencing Defendants' Knowledge Of Any False Statements**

Plaintiff opposition likewise fails to identify any ***facts*** pled in the Complaint to even suggest that SPS ***knowingly*** made any false statements to Plaintiff. As set forth

Locke Lord LLP
300 South Grand Avenue, Suite 2600
Los Angeles, CA 90071

above, Plaintiff does not allege in his Complaint that SPS promised or expressed a willingness to review him under the NMSP, or that SPS made any other misrepresentation of fact. It follows, therefore, that Plaintiff cannot allege that SPS knowingly made a false statement, and Plaintiff's fraud-based claims fail for this independent reason.

**c. Plaintiff Fails To Allege Facts Evidencing SPS's Intent To Defraud Or Induce Reliance**

The opposition, like the Complaint, makes an array of conclusory accusations that SPS's "true intent" was to not consider Plaintiff for the NMSP. Opp., p. 8:8-9; Compl. ¶ 73. But neither the Complaint nor the opposition point to any ***facts*** that SPS ever had such intent in the first place, or that SPS made any statement to Plaintiff to the contrary with the intent to deceive and/or defraud him. Because Plaintiff pleads no facts to establish that SPS made a misrepresentation with an intent to defraud him, his fraud-based claims must fail for this reason as well.

**d. Plaintiff Has Failed To Allege Facts To Establish Justifiable Reliance**

Moreover, Plaintiff's opposition does not show justifiable reliance on SPS's purported misrepresentation. The opposition, like the Complaint, argues that he relied on SPS's purported promise to review him under the NMSP by not "pursu[ing] legal action" prior to the expiration of the NMSP program. Opp., p. 7:9-14; Compl. ¶ 75. But Plaintiff concedes that he did not know that the NMSP program was set to expire until well after the program actually expired, so his claim that we would have brought legal suit before it did has no merit. See Compl. ¶ 75. In addition, whether or not Plaintiff brought "legal action" against SPS did not materially change his position or obligation to pay under his deed of trust. Plaintiff remained obligated under the terms of his loan throughout his modification reviews with BANA and SPS and remains obligated to this day. Yet he remains in default on his loan. That default and failure to seek additional measures to bring his loan current cannot be "reasonably justified"

Locke Lord LLP
300 South Grand Avenue, Suite 2600
Los Angeles, CA 90071

by his request to be reviewed for an NMSP loan modification. *Khan v. CitiMortgage, Inc.*, 975 F.Supp.2d 1127, 1141 (E.D. Cal. Sept 30, 2013) (dismissing fraud claim against lender as plaintiff's alleged reliance on a potential loan modification was not justified because plaintiff remained obligated under the terms of her note and deed of trust).

Accordingly, Plaintiff fails to allege reliance to support his fraud claims.

**e. Plaintiff's Purported "Lost Opportunity" Does Not Satisfy The Damages Requirement To Plead A Fraud Claim**

The opposition argues that Plaintiff's "lost opportunity" to be reviewed for a loan modification under the NMSP is sufficient to allege fraud damages. But this argument ignores the fact that there are two measures of damages for fraud: out-of-pocket and benefit-of-the-bargain. *In re First Alliance Mortgage Co.*, 471 F.3d 977, 1001 (9th Cir. 2006) (citing *Fragale v. Faulkner*, 110 Cal.App.4th 229, 236 (2003)). "The out-of-pocket measure restores a plaintiff to the financial position he enjoyed prior to the fraudulent transaction, awarding the difference in actual value between what the plaintiff gave and what he received. The benefit-of-the-bargain measure places a defrauded plaintiff in the position he would have enjoyed had the false representation been true, awarding him the difference in value between what he actually received and what he was fraudulently led to believe he would receive." *Id.* See also *Alliance Mortgage Co. v. Rothwell*, 10 Cal.4th 1226, 1240 (1995); *City Solutions, Inc. v. Clear Channel Communications, Inc.*, 242 F.Supp.2d 720, 726–32 (N.D. Cal. 2003), *aff'd in part & rev'd in part*, 365 F.3d 835 (9th Cir. 2004). Accordingly, Plaintiff must plead that he suffered either out-of-pocket or benefit-of-the-bargain damages. The Court in *Stephenson v. Argonaut Ins. Co.*, 125 Cal. App. 4th 962 (2004) held as much when it said that "[d]eception without resulting loss is not actionable fraud." *Id.* at 974-75, citing *Goehring v. Chapman Univ.*, 121 Cal.App.4th 353, 364 (2004).

Locke Lord LLP
300 South Grand Avenue, Suite 2600
Los Angeles, CA 90071

Plaintiff alleges that he was damaged by the denial of "an opportunity to obtain relief under the NMSP program." Compl. ¶ 77. This fails to state a damages claim for a variety of reasons. First, it is neither an out-of-pocket or benefit-of-the-bargain loss. Indeed, Plaintiff does not and cannot allege that he lost any money or property to constitute an out-of-pocket loss. Nor can he allege that SPS promised or expressed a willingness to review him under the NMSP to lead Plaintiff to believe that he would receive an NMSP modification review, as set forth in detail above in section C.1.A. His reliance on *Bowman v. Wells Fargo Home Mortgage*, No. 13-CV-05850-MEJ, 2014 WL 1921829 (N.D. Cal. May 13, 2014) to support his fraud damages claim misplaced. The *Bowman* Court analyzed a negligence claim, not fraud, and did so in the face of allegations that the servicer mishandled the loan modification application that effectively prevented the application from being reviewed for programs that the servicer invited the borrower to apply for.. In contrast, the Court here is faced with a negligence claim, and Plaintiff does not and cannot allege that SPS ever invited Plaintiff to apply to be reviewed under the NMSP, let alone expressed a willingness to conduct such a review.

Moreover, Plaintiff's purported damages are not even remotely certain. See CAL. CIV. CODE § 3283 ("Damages may be awarded . . . for detriment . . . certain to result in the future.). Indeed, Plaintiff is not arguing that any statement or promise from SPS in and of itself deprived him of the "opportunity to obtain relief under the NMSP program." Instead, he is arguing that SPS's purported promise caused him to forego filing a lawsuit to force SPS to review him under the NMSP program. Opp., p. 8:17-23; Compl. ¶ 75. Thus, for Plaintiff to prove actionable damages, he would need to show that had SPS not made the purported misrepresentation: 1) he would have brought a lawsuit against SPS to force it to review him for a modification under the NMSP; 2) he would have prevailed in that lawsuit; 3) the Court-ordered relief would require SPS to review Plaintiff under the NMSP; 4) he would have been granted a

Locke Lord LLP
300 South Grand Avenue, Suite 2600
Los Angeles, CA 90071

Locke Lord LLP
300 South Grand Avenue, Suite 2600
Los Angeles, CA 90071

modification under the NMSP program; and 5) the NMSP modification would have been more favorable or valuable than SPS's other modification products that Plaintiff concedes SPS attempted to review him for. See Compl. ¶¶ 47-48.

Such a feeble and tenuous damages claim must be rejected. There is no likelihood, let alone certainty, that Plaintiff would have filed a lawsuit prior to the expiration of the NMSP program or that had he done so, the Court would have found in his favor and ordered SPS, a non-signatory to the NMS, to review Plaintiff under that program.[1] In fact, the Court likely would have been unable to even grant such relief, as lenders and servicers in California do not have a duty to offer Plaintiff a loan modification. *Nastrom v. JPMorgan Chase Bank, N.A.*, No. 11-01998, 2012 WL 5522795, *6 (E.D. Cal. Nov. 14, 2012) ("In California, lenders do not have a statutory duty to agree to a mortgage loan modification.") citing *Hamilton v. Greenwich Investors XXVI, LLC*, 195 Cal. App. 4th 1602, 1617 (2011); *accord Mabry v. Superior Court*, 185 Cal. App. 4th 208, 222-23 & n.9 (2010); *accord Intengan v. BAC Home Loans Servicing LP*, 214 Cal. App. 4th 1047, 1056 (2013).

Even if Plaintiff had been given the "opportunity to obtain relief under the NMSP program," there is no guarantee (or even likelihood) that he would have been approved for a modification under that program. *See Adams v. PNC Bank, N.A.*, No. 5:14-cv-04330-PSG, 2014 WL 7388124, *4 (N.D. Cal. Dec. 29, 2014) ("there is no indication of the likelihood that such an application would have been granted"). Finally, it is wholly uncertain that if he was approved and did qualify, that the modification offer under the NMSP would have been more favorable or valuable that a potential alternative modification offer from SPS.

[1] Plaintiff includes as part of his request for judicial notice the purported Consent Judgment between the United States Department of Justice, various States' Attorneys General, and BANA as part of the National Mortgage Settlement. But he provides no explanation as to how that agreement has anything to do with SPS, an unaffiliated entity who was not a party in the lawsuit or signatory to the Consent Judgment. Moreover, the Court should reject Plaintiff's interpretation of the language of pages A-31 and A-32 (see Opp., p. 9:1-5; 10:8-14), which Plaintiff represents required SPS to review Plaintiff under the NMSP, as opposed to SPS's (as successor servicer) own loan modification programs. The Consent Judgment simply doesn't say that.

For all of the above reasons, Plaintiff's first and second causes of action for false promise and negligent misrepresentation should be dismissed.

**D. Plaintiff's HBOR Causes Of Action All Fail Because Plaintiff Does Not Allege That The Property Is Owner-Occupied Or That He Ever Submitted A Complete Loan Modification Application**

**1. Plaintiff's HBOR Claims Must Be Dismissed Because The Complaint Does Not Allege That The Property Is Owner-Occupied**

Plaintiff argues in his opposition that he adequately alleged that the Property is owner-occupied, despite the fact that he never made that allegation in the Complaint. Instead, he urges the Court to translate his allegation that he lives in Orange County and owns the Property to mean that the Property is his principal residence. But the Court's obligation to read the Complaint in the light most favorable to Plaintiff does not put the onus on it to create and insert new factual allegations out of whole cloth. If the Property is in fact Plaintiff's principal residence, Plaintiff could have easily pled as much. And he was required to do so in order to state a claim under HBOR. CAL. CIV. CODE § 2924.15. Because Plaintiff failed adequately allege owner-occupancy, his HBOR claims under California Civil Code sections 2923.6, 2924.10, and 2924.18 must be dismissed.

**2. The Complaint Must Be Dismissed Because Plaintiff Does Not And Cannot Allege That He Submitted A Submit A Complete Loan Modification Application**

Plaintiffs opposition also asks the Court to accept his conclusory claims that he submitted a "complete application" to SPS, despite the fact that his own allegations clearly show that he never sent SPS the documents it required to complete his loan modification review. The Court should decline to do so. "An application shall be deemed 'complete' when a borrower has supplied the mortgage servicer with all documents ***required by the mortgage servicer*** within the reasonable timeframes specified by the mortgage servicer." CAL. CIV. CODE § 2923.6(h) (emphasis added).

Locke Lord LLP
300 South Grand Avenue, Suite 2600
Los Angeles, CA 90071

The allegations in the Complaint make clear that Plaintiff never did this, and his opposition cannot remedy this threshold defect.

As set forth in SPS's motion to dismiss, Plaintiff's 2013 application was never complete because Plaintiff does not and cannot allege that he ever submitted the documentation requested by BANA on June 30, 2013 to complete his application. Compl. ¶ 39. That application was therefore closed by SPS on September 27, 2013. *Id.* at ¶ 43. Plaintiff does not dispute this fact in his opposition.

Plaintiff sent in a new application to SPS on December 23, 2013. *Id.* at ¶ 46. His opposition does not address this, but instead argues that statements made by an SPS employee on June 30, 2014 regarding "restart[ing] the process" somehow contradict the fact that he never submitted a complete application. Opp., p. 12:19-24. There is no contradiction. Plaintiff's Complaint concedes that SPS told him that his application was not complete on May 13, 2014 and requested "several documents . . . [that] needed to be provided for consideration." *Id.* at ¶ 48. Plaintiff failed to send those documents, and instead again sent SPS only the documents he unilaterally determined were required under the NMSP. *Id.* at ¶ 49. He therefore cannot allege that he provided "***all documents***" that were "***required by the mortgage servicer***," and thus cannot allege that he ever submitted a complete application. CAL. CIV. CODE § 2923.6(h). For this independent reason, Plaintiff's HBOR claims under California Civil Code sections 2923.6, 2924.10, and 2924.18 must be dismissed.

**E. Plaintiff Fails To State A Business And Professions Code § 17200 ("UCL") Claim**

Plaintiff's opposition argues that he alleged actionable conduct under the UCL and that he has standing to bring a claim. Both arguments fail.

**1. Plaintiff Has Not Alleged Actionable Conduct To State A UCL Claim.**

Plaintiff's opposition argues that he pled actionable conduct under the UCL based on his HBOR claims and his allegation that "delay in reviewing Okada under

Locke Lord LLP
300 South Grand Avenue, Suite 2600
Los Angeles, CA 90071

the NMSP subsequently led to the expiration of the NMSP." Opp., p 15:15-22. However, as set forth above, Plaintiff impermissibly lumps the defendants together, in violation of Rule 8. *Newman*, 2010 WL 797188, *5. Moreover, as described in detail above, Plaintiff does not plead an HBOR claim under Civil Code sections 2923.6, 2924.10, and 2924.18 because he does not allege that the Property is owner-occupied or that he submitted a complete loan modification application. With respect to the "delay" in reviewing Plaintiff's application referenced in the opposition, Plaintiff does not demonstrate how that is actionable conduct under the UCL – his fraud-based claims are based on purported misrepresentations by SPS of their willingness to review his application under the NMSP. Simply put, Plaintiff's UCL claim is wholly derivative of his other failed claims, and thus his UCL claim fails to state any actionable conduct to survive a motion to dismiss.

**2. Plaintiff Lacks Standing To Bring A Claim Under The UCL**

Defendants' opening brief demonstrated that Plaintiffs lack standing to assert the UCL claim because the Complaint does not include plausible factual allegations showing that Wells Fargo's purported actions caused Plaintiffs to suffer injury in fact.

As one court observed in disposing of a similar claim:

> Without some factual basis suggesting that Plaintiffs could have cured the default in the fall of 2009, the Court cannot reasonably infer that Wells Fargo's alleged misrepresentations resulted in the loss of Plaintiffs' home. Rather, the facts alleged suggest that Plaintiffs lost their home because they became unable to keep up with monthly payments and lacked the financial resources to cure the default. Although the Court understands Plaintiffs' frustrations with Wells Fargo's seemingly contradictory statements and actions, it does not appear that this conduct resulted in a loss of money or property. For this reason, Plaintiffs lack standing to sue under the UCL, and the claim must be dismissed.

*DeLeon v. Wells Fargo Bank, N.A.*, No. 10-CV-01390-LHK, 2011 WL 311376, *7 (N.D. Cal. Jan 28, 2011).

Indeed, the "causal connection [between the injury in fact and lost money or property] is broken when a complaining party would suffer the same harm whether or

Locke Lord LLP
300 South Grand Avenue, Suite 2600
Los Angeles, CA 90071

not a defendant complied with the law." *Daro v. Superior Court*, 151 Cal. App. 4th 1079, 1099 (2007). Here, Plaintiff does not plead any facts whatsoever to suggest that the conduct of SPS or NDSC caused him to lose money or property. The opposition only offers *Segura v. Wells Fargo Bank, N.A.*, No. CV-14-04195-MWF AJWX, 2014 WL 4798890 (C.D. Cal. Sept. 26, 2014), which involved claims of impropriety relating to a loan modification review ***after a completed foreclosure sale***. *Id.* at *8-9. The *Segura* court was thus presented with a tangible loss of Property where, as here, Plaintiff cannot allege any such loss because the Property has not been sold at foreclosure. *Segura* is therefore inapplicable to this case.

Because Plaintiff cannot show any lost money or property to demonstrate standing, and his UCL claim fails for this additional reason.

## III. CONCLUSION

Based on the foregoing and because he cannot amend to cure the defects, Plaintiff's complaint should be dismissed without leave to amend.

DATED: September 7, 2015

LOCKE LORD LLP

By: /s/ Jonathan S. Lieberman
Conrad V. Sison
Jonathan S. Lieberman
Attorneys for Defendants
SELECT PORTFOLIO SERVICING, INC. and NATIONAL DEFAULT SERVICING CORPORATION

Locke Lord LLP
300 South Grand Avenue, Suite 2600
Los Angeles, CA 90071